**Michael Stephen SPIRGIS, Appellant,**

v.

**CIRCLE K STORES, INC., Appellee.**

**No. 65847.**

Court of Appeals of Oklahoma, Division No. 4.

June 9, 1987.

Rehearing Denied June 29, 1987.

Certiorari Denied Oct. 5, 1987.

Steve S. Smith, Morris, Bailey & Associates, Midwest City, for appellant.

Georgiana T. Hammett, King, Roberts & Beeler, Oklahoma City, for appellee.

STUBBLEFIELD, Judge.

The central question in this appeal is whether District Court Rule 4(e), 12 O.S. Supp.1986, ch. 2, app., requires that summary judgment be granted to a movant when the opposing party does not file a brief in opposition. We hold that it does not and reverse.

I

On April 25, 1985, Michael Stephen Spirgis filed a petition in the District Court of Oklahoma County seeking $75,000 damages from Circle K Stores, Inc., for an injury he incurred on October 6, 1984, when he stepped into a pothole in the business parking lot of a Circle K retail store.

In its answer, Circle K denied all of Spirgis' allegations and raised the defenses of contributory negligence, intervening negligence of a third party, and the open and obvious nature of the defect. Circle K submitted interrogatories to Spirgis and took his deposition. Both the interrogatory answers and the transcript of Spirgis' deposition are a part of the record on appeal. Both establish that Spirgis had parked his automobile at the gas pump "island," was making his way to the store and avoiding automobile traffic in the Circle K driveway when he stepped into the pothole, injuring his foot and leg.

Circle K moved for summary judgment upon the basis that the hazard was a patent and obvious danger, and that it could not be held liable for an injury resulting from such a danger. *Buck v. Dell City Apartments*, 431 P.2d 360 (Okla.1967). Spirgis did not timely file a response to the summary judgment motion. The trial

court, in granting judgment for Circle K, found:

> [D]efendant's Motion and Brief in Support of Motion for Summary Judgment was filed on December 4, 1985, and that Plaintiff failed to respond. Defendant's Motion should therefore be deemed confessed and said Motion was granted in favor of defendant.

The trial court denied Spirgis' motion to vacate the judgment. Spirgis appeals.

## II

On appeal, Spirgis claims that the motion for summary judgment should not have been sustained because material questions of fact remain in controversy. He specifically argues that the pothole was not an open and obvious danger because traffic in the area could have been expected to and did divert his attention from the danger.

On the other hand, Circle K maintains that the merits of the motion for summary judgment need not be examined because Spirgis' failure to respond dictates that it be granted judgment. Circle K argues that Oklahoma District Court Rule 4(e), 12 O.S.Supp.1986, ch. 2, app., requires this result. Basically, Circle K argues that even if its motion was lacking in merit, it was still entitled to a default judgment because Spirgis failed to file a timely response in opposition to the motion. That is a contention with which we cannot agree.

Rule 4(e) provides:

> Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days of the service of the motion, *or the motion shall be deemed confessed.* (Emphasis added.)

On the other hand, the more specific district court rule dealing with summary judgments, Rule 13, provides in pertinent part:

> If the adverse party or parties wish to oppose the granting of the motion, they shall serve on the moving party and file with the court clerk within fifteen days after service of the motion a concise written statement of the material facts as to which he or they contend a genuine issue exists and the reasons for denying the motion. The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence, but the adverse party cannot rely on the allegations or denials in his pleading. In the statement, the adverse party or parties shall set forth and number each specific material fact which is claimed to be in controversy and reference shall be made to the pages, paragraphs, and/or lines of the depositions, admissions, answers to interrogatories and to requests for admissions, affidavits, exhibits and other materials whether filed by the moving party or by the adverse party, and he shall attach to the statement the portions relied upon. *All material facts set forth in the statement of the movant which are supported by admissible evidence shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence.* If the motion for judgment is granted, the party or parties opposing the motion cannot on appeal rely on any fact or material that is not referred to or included in the statement in order to show that a substantial controversy exists.

District Court Rule 13(b), 12 O.S.Supp.1986, ch. 2, app. (emphasis added).

Accordingly, under Rule 13, a party's failure to respond results not in a confession of judgment, but in the admission for purpose of summary judgment of "[a]ll material facts set forth in the statement of the movant *which are supported by admissible evidence.*" However, the language of Rule 13 also leads us to conclude that a response is not necessary to challenge material facts which are *not* supported by admissible evidence. Thus, if the motion for summary judgment is not well-taken, the failure of the opposing party to respond does not mean that the motion must be granted by the court. Rule 13(e) clearly specifies that "[i]f it appears to the court that there is no substantial controver-

sy as to any material fact and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment to said party whether or not he is the moving party."

The granting of summary judgment ultimately depends upon a determination by the trial court of whether there is a substantial controversy as to any material fact. Even when no counterstatement has been filed, it is still incumbent upon the trial court to insure that the motion is meritorious. The trial court must examine the evidentiary materials supporting the motion and if all the material facts are addressed and are supported by admissible evidence, those facts are admitted and judgment for the movant is proper. However, if the movant has not addressed all material facts, or if one or more such facts is not supported by admissible evidence, judgment for the movant is not proper.

■ Herein the critical fact at issue is the nature of the defect. Was the pothole an open and obvious hazard? The "admissible evidence" indicates that it was not, because the automobile traffic obscured the danger and diverted Spirgis' attention away from it. Although the hazard was in an open place, it was also in a place intended for pedestrian *and* vehicular traffic. According to the only evidence before the court, the automobile traffic diverted Spirgis' attention from the danger, rendering it neither open nor obvious.

Thus, the facts before the court do not conclusively demonstrate the obvious nature of the defect. On the contrary, the facts demonstrate that the simultaneous vehicular and pedestrian traffic in the parking lot created a concealment of the pothole and diversion of attention from the condition of the parking lot surface. The combination of the concealed hazard and the diversion of a pedestrian's attention by vehicular traffic could have resulted in injury to Defendant's business invitees.

Every civil case subject to summary proceedings must be grounded and considered upon its own peculiar pleadings, affidavits, exhibits, admissions, depositions, and the like, and if reasonable men in the exercise of fair and impartial judgment might reach different conclusions upon consideration of same, summary judgment must be denied. *Northrup v. Montgomery Ward & Co.,* 529 P.2d 489 (Okla.1974).

In this case whether the hazard which resulted in Plaintiff's injury was open and obvious is a controverted fact. Reasonable men could differ as to whether the defect was patent and obvious or whether it was rendered a latent defect because of its location and the foreseeable traffic that could and perhaps did obscure it and divert Plaintiff's attention from it. The granting of summary judgment in the face of such a crucial question of fact was error. We reverse the trial court and remand for further proceedings.

BRIGHTMIRE, P.J., and RAPP, J., concur.