**Donald C. MURPHY, Appellant,**

v.

**NORTHEAST OKLAHOMA ELECTRI-
CAL COOPERATIVE, INC., Appellee.**

**No. 70388.**

Court of Appeals of Oklahoma,
Division I.

Sept. 19, 1989.

Gary L. Butler, Miami, for appellant.

Galen Brittingham, Tulsa, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

Donald C. Murphy filed an action against Northeast Oklahoma Electrical Coopera- tive, Inc. (NOEC) on December 12, 1985, wherein he alleged negligence and result- ing damages in the termination of electric service at his residence. This was Case Number C–85–238 in Craig County District Court.

NOEC answered. Discovery proceed- ings, including depositions, were conducted. NOEC filed a motion for summary judg- ment and briefs in support thereof. Mur- phy did not respond. Prior to any hearing or ruling, Murphy filed (on March 26, 1987) a dismissal without prejudice. No further proceedings occurred in Case Number C– 85–238, but the entire court file, including depositions, therein are part of the desig- nated record before this Court in this ap- peal.

On May 20, 1987, Murphy refiled the action in Case Number C–87–106 in Craig County District Court. He appeals from the judgment and adverse rulings in C–87– 106. Appellee's motion to dismiss appeal was denied by the Supreme Court before assignment to the Court of Appeals.

On July 16, 1987, NOEC filed a motion for summary judgment and brief in support thereof. Murphy did not respond at that time. The motion was set for hearing on August 12, 1987. Murphy did not appear. NOEC appeared by its attorney. The trial court sustained the motion and entered judgment in favor of NOEC. The Journal Entry contains only one finding which was in general language and is as follows: "The court, after hearing argument of counsel, found that there was no substan- tial question of fact presented and that judgment should be granted in favor of the defendant." There were no detailed or spe- cific findings of fact or conclusions of law. No finding was made as to notice of hear- ing to Murphy or his attorney.

The August 12, 1987 Journal Entry of Judgment did not contain the signature of approval as to form of any interested par- ty. This apparently violates Rule 2.8 of the

Rules for Northeastern Judicial Administrative District which provides that in any contested matter the Journal Entry presented for signature by the court must contain such signature of approval as to form for all interested parties. For some reason, a copy of this Journal Entry was never mailed or furnished to Murphy or his attorney. The record shows the filing of the Journal Entry, with the signature of the trial judge, on August 14, 1987.

Murphy repeatedly asserts that neither he nor his attorney received any notice of the August 12, 1987 hearing. His attorney so advised the court on several occasions. The trial court pointed out that the attorney did not file an affidavit to that effect and that he only told the court orally. In this connection, we have searched the record before the court in this appeal and do not find any affidavit, return or certification by the court clerk, or any other person, that shows mailing or service of any kind of notice on Murphy or his attorney. In an order Overruling Motion to Vacate Judgment dated and filed November 5, 1987, the trial court recited: "However, the Defendant has demonstrated that the docket was in fact mailed." There was no finding as to just what it was that "demonstrated" such mailing. Also, there was no finding or showing that Murphy or his attorney actually received some notice or a copy of the docket. The record does contain a copy of the August 12, 1987 docket, but there is no affidavit or certificate of mailing. If a written denial of receipt of notice is required, Murphy's Motion to Vacate Judgment, filed October 26, 1987, constitutes the attorney's written and signed certification as to that fact.

Stripped of legalistic verbage and technical procedural classification, the order dated August 12, 1987, granting summary judgment to NOEC, appears to be both: (1) a default judgment, and (2) entry of summary judgment because no response had been filed by Murphy.

It is well settled in Oklahoma that default judgments are never viewed with favor; and, the policy of law is to afford every party to an action a fair opportunity to present his side of a cause. *Burroughs v. Bob Martin Corporation,* 536 P.2d 339 (Okl.1975).

In *Spirgis v. Circle K. Stores, Inc.,* 743 P.2d 682 (Okl.App.1987) (cert. denied and approved for publication by the Supreme Court), the Court of Appeals held that summary judgment is not required, as a matter of right, when the opposing party does not respond to the motion. *Spirgis* held the trial court had the duty to deny summary judgment in spite of the plaintiff's failure to respond because certain material facts were in dispute.

In this appeal the admissible evidence before the court established the existence of disputed material facts. This was disclosed by the depositions filed in the original case which was dismissed without prejudice. While the trial court, in its November 5, 1987 order Overruling Motion to Vacate Judgment, recited that the depositions were not before the court in August, 1987 and the court was unaware of them even though the court did look at the record before it, the record before this Court in this appeal establishes the contrary.

The depositions were on file in the original case. If that were all of the record we would have no difficulty holding that the trial judge is not required to research that or other filings. However, the brief of NOEC in support of its motion for summary judgment was before the court for consideration at the August 12, 1987 hearing. The brief had been filed on July 16, 1987 and it contained several references to the depositions and quoted testimony from one of them. The depositions should have been considered.

It is interesting to note that Murphy filed a request for extension of time to respond to the motion for summary judgment on the same day (August 14) that the journal entry granting summary judgment was filed. On September 3, Murphy's attorney mailed a response brief to the attorney for NOEC. Then, on September 14, Murphy's attorneys filed his motion for summary judgment. These actions do not appear to

this Court to be those of a party or an attorney who knew that the adverse party's motion for summary judgment had been sustained and judgment entered.

Considering the above and foregoing, we are constrained to hold that the trial court erred in sustaining the motion for summary judgment on August 12, 1987; and abused its discretion in overruling the Motion to Vacate Judgment, and in overruling Murphy's Petition to Vacate Default Judgment.

REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.

HUNTER and MacGUIGAN, JJ. concur.