The LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, Appellee,

v.

**Gray R. GINN, Appellant.**

**No. 77311.**

Court of Appeals of Oklahoma, Division No. 3.

June 2, 1992.

## OPINION

HUNTER, Judge:

This is an appeal by Appellant Debtor on a Note from the trial court's order granting summary judgment for Appellee Bank. Debtor admits he signed the Note, but claims the trial court erred because there are disputed issues of material fact.

In 1985, Debtor gave Bank the Note at issue here. The Note was for $50,000. Interest accrued at ten per-cent per annum. The Note required monthly payments of $416.65 each. The Note authorized Bank to declare the unpaid balance due if Debtor defaulted on any payment.

Debtor failed to make the payment due November 1, 1988, and made no subsequent payments. In March 1990, Bank exercised its right of set off in the amount of $20,013.68 against two checking accounts Debtor had in Bank. On April 24, 1990, Bank sued debtor for the unpaid balance, which with accrued interest, totalled $55,341.26.

Securing the Note was a Security Agreement covering Debtor's one-fourth interest in a race horse named Vuelo. The other three-quarters interest in Vuelo was owned by persons not party to this action. A bank in Madill held a security interest in this three-quarters interest.

A Bank officer told Debtor that the Madill bank wanted to sell Vuelo and Bank had agreed to the sale. The Bank Officer told Debtor that the Madill bank had agreed to remit one-fourth of the sale proceeds to Bank. The Bank officer told Debtor that Bank would credit the amount it received from the Madill bank to Debtor's Note. Undisputedly, Bank never had possession of Vuelo nor did it receive any money from a sale of Vuelo. Also undisputed is the fact that Vuelo died before the Madill bank scheduled a sale.

Debtor claims that he relied on Bank's agreement to allow the Madill bank to sell Vuelo and account to Liberty Bank for Debtor's one-fourth interest in Vuelo. Debtor claims that questions of fact exist about whether Bank "elected a remedy," and was constructively "in possession" of Vuelo. From this Debtor argues that a jury should be allowed to decide whether Bank had assumed the risk of any loss in value of the horse.

### I.

■ In his brief in chief, Debtor asks this court to review materials in the record relating to the summary judgment. Bank moves to dismiss Debtor's appeal. Bank claims that Debtor has violated Rule 15 of the Rules of the Supreme Court of Oklahoma. The portion of Rule 15 Bank relies on requires in every brief "an abstract of the record" comprehensive enough "so that no examination of the record itself need be made by this Court."

While Debtor's brief in chief is perhaps in technical violation of Rule 15, Bank claims no prejudice as a result. A review of the materials in the record is indispensable in every appeal from a summary judgment. Here, all motions, briefs, depositions, affidavits, and other evidentiary materials comprise only forty-eight pages of the record. Under the circumstances, we deny Bank's motion to dismiss. We now consider the merits of Debtor's appeal.

### II.

■ Article 9 of the Uniform Commercial Code, 12A O.S.1991 §§ 9–101, et seq., governs the rights and obligations of debtors and creditors with respect to secured

collateral. Debtor contends that when Bank's officer told Debtor that Bank had agreed to let the Madill bank sell the horse Vuelo, fact questions were created. Debtor claims that whether Bank made "an election of remedies," and whether Bank was "in possession" of Vuelo are questions of fact for a jury. Debtor is simply wrong on this point. In an affidavit, a Bank officer said that Bank never had possession of Vuelo, and that the horse had died before the Madill bank scheduled the sale. Debtor does not dispute this evidence. Debtor merely says that he does not know whether Vuelo was ever sold, and that it should be Bank's burden to come forward with proof on this score.

Debtor tacitly admits that, unless Bank was "in possession" of Vuelo, Bank had no obligation to Debtor under the UCC for the animal's health or safety. A review of Article 9 shows that a secured party "may" repossess and dispose of secured property, § 9–504(1), but he need not do so. Sections 9–207, and 9–505(2) of the UCC speak of a secured party's obligations with respect to secured property "in his possession." A secured party has no obligation under the UCC to repossess secured property before obtaining judgment against a debtor. Section 9–501(1) states that a secured party "may" reduce his claim to judgment, and that his "rights and remedies ... are cumulative." Section 9–501(5) provides,

> When a secured party has reduced his claim to judgment, the lien of any levy which may be made on his collateral by virtue of any execution based upon the judgment shall relate back to the date of perfection of the security interest in such collateral.

Debtor's claim that Bank's agreement to allow the Madill bank to sell Vuelo placed it "in possession," and thereby shifted from Debtor to Bank the risk of loss of value of the animal is not supported by the record. Reasonable minds could not accept such an interpretation of Bank's actions.

Debtor complains that Bank filed its officer's affidavit showing that Vuelo was never "in the possession" of Bank and that the animal had died before being sold the day before the hearing on Bank's motion for summary judgment. Debtor, however, filed no counter-affidavit to the Bank officer's affidavit. Debtor's failure to respond admitted the fact that Vuelo was dead. Rule 13.b, Rules for District Courts; *Spirgis v. Circle K Stores Inc.*, 743 P.2d 682 (Okl.App.1987).

Finally, Debtor claims that Bank did not properly credit the Note with the $20,013.68 set off from Debtor's accounts. Debtor, however does not deny the truth of an affidavit of one of Bank's officers. Paulette Bowen, one of Bank's Commercial Loan Tellers, said that the unpaid balance of the Note on April 23, 1990 was $55,341.26. This was over a month after the set off. Because Debtor did not rebut Bowen's affidavit, the facts stated in it are admitted. Rule 13.b, Id.; *Spirgis*, Id.

The trial court properly granted Bank's motion for summary judgment. The trial court's judgment is AFFIRMED.

HANSEN, V.C.J., and JONES, J., concur.