Edith F. ROPER, Appellant,

v.

MERCY HEALTH CENTER, an Oklahoma non-profit corporation, Appellee.

No. 84615.

Supreme Court of Oklahoma.

July 18, 1995.

Rehearing Denied Sept. 20, 1995.

Robert A. Flagler, Flagler & Flagler, P.C., Norman, for appellant.

Ronald R. Hudson, Holloway, Dobson, Hudson and Bachman, Oklahoma City, for appellee.

WATT, Justice.

Plaintiff, Edith Roper, appeals from a summary judgment, which the trial court granted for defendant, Mercy Health Center. The Court of Appeals affirmed and we granted certiorari on June 5, 1995.

FACTS

The facts are simple. On May 5, 1992, at about 11:00 a.m. on a sunny day, Mrs. Roper fell when she tripped over a small light fixture installed in the center of a sidewalk at Mercy Health Center. Mrs. Roper and her husband were walking back to their car, after

her husband's visit to his doctor. The fixture over which Mrs. Roper fell was one of several, installed about twenty feet apart, along the centerline of the sidewalk. The fixtures were covered with hoods, the bottoms of which were about six inches above the surface of the sidewalk.

Mercy's motion for summary judgment was based on its contention that Mercy had no obligation to warn plaintiff of, or guard against, obvious dangers. In her deposition, however, Mrs Roper testified that, although she was paying attention to where she walked, she did not see the light fixture over which she fell. Mrs. Roper claimed that others were walking on the sidewalk ahead of her and this obscured her vision. Mrs. Roper also testified that the sun was in her eyes, and she was looking for her car when she fell, and that these conditions also prevented her from seeing the fixture.

## ISSUE

Mercy attached to its motion for summary judgment the portion of Mrs. Roper's deposition in which she testified that her vision of the light fixture was obscured by the presence of others ahead of her. Before a motion for summary judgment under Rule 13, Rules for District Courts, may properly be granted, the movant must show that there is no disputed issue of material fact. Thus, if the part of Mrs. Roper's deposition, attached to Mercy's motion for summary judgment, presented a disputed question of fact, then the trial court erred in granting Mercy's motion for summary judgment. Consequently, the only issue we need to decide here is this:

Does the evidence of other pedestrians ahead of Mrs. Roper on the sidewalk where she fell, which she claims blocked her view of the light fixture, create a question of fact as to whether the light fixture was concealed from Mrs. Roper and was, therefore, a hidden defect, which was not open and obvious?

We hold that this evidence presented a jury question, and that the trial court erred in granting Mercy summary judgment.

## DISCUSSION

■ In *Spirgis v. Circle K Stores*, 743 P.2d 682, 685 (Okla.App.1987) (Approved for publication by the Supreme Court), the Court of Appeals, Division 4, held that whether a pothole in a convenience store parking lot was a hidden defect presented a question of fact for the jury. There, plaintiff claimed that the pothole was a hidden danger because evidence of significant traffic in the area showed that plaintiff could have been expected to have had his attention diverted from the danger. In holding that a jury question was presented the Court of Appeals said:

Although the hazard was in an open place, it was also in a place intended for pedestrian and vehicular traffic. According to the only evidence before the court, the automobile traffic diverted Spirgis' attention away from the danger, rendering it neither open nor obvious.

.     .     .     .     .

Reasonable men could differ as to whether the defect was patent and obvious *or whether it was rendered a latent defect because of its location and the foreseeable traffic that could and perhaps did obscure it and divert Plaintiff's attention from it.*

[Emphasis added.] As we approved *Spirgis* for publication, it has precedential effect under Rule 1.200.C, Rules of Appellate Procedure in Civil Cases. We follow it here. Under the rule announced in *Spirgis*, Mrs. Roper's testimony that people in front of her on the sidewalk prevented her from seeing the light fixture over which she tripped creates the following jury question: Was the defect obvious, or was it hidden because of the foreseeability that pedestrian traffic might obscure one's view of the light fixtures in the sidewalk? The trial court, therefore, erred in granting Mercy's motion for summary judgment.

■ We turn now to another issue raised by plaintiff. In an affidavit, Mrs. Roper said:

The defendant's employees knew of prior similar accidents that had occurred involving other persons using ordinary care around the light fixtures and that the condition constituted a danger.

While the issue of prior accidents is moot for the purposes of this opinion, we will deal with it here, as it may become important when this matter is tried.

Any evidence of prior accidents Mrs. Roper offers must support her claim of a dangerous condition that was known to Mercy. Mrs. Roper, therefore, must show that any such accidents "happened at the same place, while it was in the same condition, under circumstances of a similar nature to those of the accident in litigation." *Perry v. City of Oklahoma City,* 470 P.2d 974, 980 (Okla. 1970); *St. Louis–San Francisco Ry. v. Powell,* 385 P.2d 465 (Okla.1963). In *Powell,* we held that admitting evidence of prior accidents in the absence of such a showing was reversible error.

The teaching of *Perry* and *Powell* is that, in the form in which the fact of prior accidents is stated in her affidavit, Mrs. Roper's testimony at trial would be inadmissable. The trial court must, therefore, take care to see that any proof at trial of prior accidents establishes the details of those accidents, and shows that they were reasonably similar to Mrs. Roper's accident.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; SUMMARY JUDGMENT REVERSED AND CASE REMANDED FOR TRIAL ON THE MERITS.

ALMA WILSON, C.J., KAUGER, V.C.J., LAVENDER, OPALA and SUMMERS, JJ., concur.

HODGES, SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. In my view, the majority erroneously finds *Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682 (Okla.App. 1987) is controlling in this case.

The point of the *Spirgis* opinion is set forth in its opening paragraph: "The central question in this appeal is whether District Court Rule 4(e), 12 O.S.Supp.1986, ch. 2, app, requires that summary judgment be granted to a movant when the opposing party does not file a brief in opposition. We hold that it

does not and reverse." The treatment in the opinion of open and obvious premises defects is pure *dicta.* Unfortunately, this Court gave precedential effect to the procedural aspect of the case and at the same time, unwittingly approved an erroneous view of premises liability regarding open and obvious defects.

In *Spirgis,* the appeals court in reversing the trial court's sustention of summary judgment, wrote by way of *dicta:* "Thus, the facts before the (trial) court do not conclusively demonstrate the obvious nature of the defect."

In the case at bar, the alleged defect was more than six inches above the sidewalk and the light(s) over which appellant allegedly tripped were evenly spaced at intervals of twenty feet along the center of the walkway. Their color contrasted visibly from the color of the sidewalk. Any pedestrian traffic would of necessity be required to step around or over the light(s) or simply pass them by. Plaintiff says the sun was in her eyes. Surely, we do not hold Mercy responsible for the varying angles of the sun and it's degrees of intensity.

I agree with the Court of Appeals when, in the case at bar, they wrote: "We must conclude that reasonable men could not differ as to whether the defect was open and obvious, and the trial court's decision must therefore be affirmed. See: *Weeks v. Wedgewood Village,* 554 P.2d 780 (Okla.1976)."

As a matter of law, premises liability will not attach for an open, obvious, and unconcealed defect, and there was no duty on Mercy to warn plaintiff. A close reading of *Spirgis* does not convince me to the contrary. I would deny the writ of certiorari.

I am authorized to state that Justice HODGES and Justice HARGRAVE join me in the views expressed herein.