2000 OK CIV APP 58

**Dorrine B. MOORE and Larry H. Moore, husband and wife, Appellants**

v.

**ALBERTSON'S, INC., a Delaware corporation, Appellee**

No. 93676.

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 4, 2000.

Rehearing Denied Feb. 7, 2000.

Certiorari Denied April 11, 2000.

Rex K. Travis, Margaret E. Travis, Patricia M. Travis, Richard Morris, Oklahoma City, Oklahoma For Appellants.

Kevin Driskill, Driskill & Jones, Oklahoma City, Oklahoma For Appellee.

*OPINION*

STUBBLEFIELD, Acting P.J.

¶1 This is an appeal from summary judgment granted to a grocer defendant in a slip-and-fall action. The cause has been assigned to the accelerated docket pursuant to Supreme Court Rule 1.36, 12 O.S. Supp.1999, ch. 15, app. 1. After a review of the record on appeal and applicable law, we reverse.

¶ 2 Plaintiffs Dorrine B. Moore and Larry E. Moore filed this action against Defendant Albertson's, Inc., seeking damages for injuries suffered by Mrs. Moore when she stepped in spilled milk, slipped and fell in Defendant's Edmond grocery store. Mr. Moore stated claims for loss of wages due to the necessity of caring for Mrs. Moore and for loss of consortium. He withdrew the latter claim at his deposition.

¶ 3 Defendant admitted that Mrs. and Mr. Moore were in its store on the date of the claimed injury but denied all other allegations. It also contended that Mrs. Moore was negligent and that her negligence was greater than any of its alleged negligence.

¶ 4 After some discovery, Defendant sought summary judgment based on the alleged undisputed facts: (1) Plaintiffs frequently shopped at and were familiar with that particular store before the fall; (2) The milk spill covered an area of approximately five feet by five feet; (3) The milk spill was visible to both Mr. and Mrs. Moore; and, (4) As a storekeeper, it had no duty to warn an invitee of an open and obvious danger.

¶ 5 In their response to Defendant's motion, Plaintiffs cited Defendant's incomplete and inaccurate recitation of facts. They specifically cited as being inaccurate its assertion that Mrs. Moore could see the spilled milk before she fell.

¶ 6 The trial court sustained Defendant's motion for summary judgment. Plaintiffs appeal.

¶ 7 Summary judgment is proper where there is no dispute concerning any material fact and where reasonable persons would not reach different conclusions from those facts. *Crockett v. McKenzie*, 1994 OK 3, ¶ 3, 867 P.2d 463, 464. Although a trial court considers factual matters in making a decision on whether summary judgment is appropriate, the ultimate decision is one of law; whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review of a question of law, our standard of review of the trial court's decision is de novo. *Weeks v. Cessna Air-craft Co.*, 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Oklahoma Supreme Court). "De novo" means no deference, not necessarily a full rehearing or new fact finding. *Bose Corp. v. Consumers Union of the United States*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

¶ 8 The only evidence offered in support of the summary judgment motion consisted of excerpts from the depositions of Mr. and Mrs. Moore. Both of the Moores testified that they met at the Albertson's store after work, arriving in separate automobiles. They walked into the store and shopped together. At the checkout counter, Mr. Moore left the store with the bagged groceries while Mrs. Moore wrote a check and completed the transaction. Mr. Moore testified that, on his way out of the store, he noticed an Albertson's employee with a sponge or rag crouched down attempting to clean up a milk spill. However, he testified that Mrs. Moore probably could not see the person from her vantage point. He also testified that he did not believe that he would have noticed the spill except for the crouched person cleaning the area.

¶ 9 Mrs. Moore testified that after she finished paying for the groceries, she was leaving the store approximately two minutes after Mr. Moore. She stated that she had gone through the automatic doors into an outer entry area when she remembered she needed a receipt for an item she had bought as a business present. She went back through the doors and walked toward the customer service area.

¶ 10 Mrs. Moore testified that, as she approached the customer service area, she did not see anyone cleaning the floor, there were no orange warning cones in the area, and she did not see any spill on the "beigey, creamy sort of color" floor. She stated that she had to sidestep someone wheeling groceries out, and, as she moved to avoid running into them, her feet slipped out from under her and she fell onto one knee and then on to her posterior. Sitting on the floor, she realized that her clothes were becoming wet from a whitish thin liquid on the floor.

**508** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

¶ 11 Mrs. Moore further testified that, immediately after her fall, an Albertson's courtesy clerk came to her instructing her to sit still and wait for the manager. Then, another courtesy clerk and the manager arrived. This clerk told the manager that a gallon of milk had spilled and that he had tried to clean it up. Mrs. Moore testified that the manager commented that the courtesy clerk had not done a very good job. She also claimed the manager yelled to a courtesy clerk to stop another woman who was starting to walk across the area.

▮▮▮ ¶ 12 We agree with Defendant's assertion that it has no duty to warn an invitee of open and obvious dangers. "The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is [not] liable for injury to an invitee resulting from a *danger which was obvious or should have been observed* in the exercise of ordinary care." *Williams v. Tulsa Motels,* 1998 OK 42, ¶ 6, 958 P.2d 1282, 1284, citing *C.R. Anthony Co. v. Million,* 1967 OK 231, ¶ 6, 435 P.2d 116, 117. However, we do not find that the proffered evidentiary materials undisputedly show this hazard to be open and obvious.

¶ 13 We first note that the evidentiary materials do not indicate one way or another whether the milk on the floor was obvious. Mr. Moore said he saw it but only because he saw the person crouched cleaning the area. Mrs. Moore testified that the floor was cream-colored and that she noticed the wetness on the floor only after she had fallen and her clothing was becoming wet from the substance on the floor.

¶ 14 The evidentiary materials also leave open the conclusion that the spill was incompletely or inadequately cleaned, leaving it wet and slippery but not so obvious. Furthermore, we conclude that the evidentiary materials also present circumstances similar to those in *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, ¶ 11, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court), wherein this court stated:

Herein the critical fact at issue is the nature of the defect. Was the pothole an open and obvious hazard? The "admissible evidence" indicates that it was not,

because the automobile traffic obscured the danger and diverted Spirgis' attention away from it. Although the hazard was in an open place, it was also in a place intended for pedestrian traffic and vehicular traffic. According to the only evidence before the court, the automobile traffic diverted Spirgis' attention from the danger, rendering it neither open nor obvious.

In the similar case of *Roper v. Mercy Health Center,* 1995 OK 82, 903 P.2d 314, the Oklahoma Supreme Court, citing *Spirgis,* held that evidence that other pedestrians obscured a plaintiff's view of a hazard built into the middle of a walk way presented a jury question as to whether it was an open and obvious hazard. *Id.* at ¶¶ 2, 4, 903 P.2d at 315.

¶ 15 In this case, the evidentiary materials demonstrate that the accident happened in an area of customer traffic and that Mrs. Moore's attention was specifically on avoiding a collision with another customer pushing a grocery cart. As in *Roper,* this fact presents a jury question as to whether the hazard was open and obvious.

¶ 16 We conclude that reasonable persons in the exercise of fair and impartial judgment might reach different conclusions on consideration of the evidence. *Spirgis,* 1987 OK CIV APP 45 at ¶ 13, 743 P.2d at 685. Accordingly, the trial court's grant of summary judgment was erroneous.

¶ 17 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

¶ 18 REIF, J., and TAYLOR, J. (sitting by designation), concur.