2010 OK CIV APP 40

**Jimmy R. SCOTT, by and through Donna Sue (Scott) BRAME, Personal Representative, Plaintiff/Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 22 OF PUSHMATAHA COUNTY, State of Oklahoma, a/k/a Moyers Public Schools, Defendant/Appellee.**

**No. 106,616.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 30, 2009.

Certiorari Denied March 29, 2010.

Maria Tasi Blakely, Hugo, OK, for Plaintiff/Appellant.

Jerry A. Richardson, J. Douglas Mann, Rosenstein, Fist & Ringold, Tulsa, OK, for Defendant/Appellee.

JOHN F. FISCHER, Judge.

¶ 1 Plaintiff Jimmy R. Scott, through his personal representative Donna Sue Brame, appeals a decision of the District Court of Pushmataha County granting summary judgment to defendant Independent School District # 22 of Pushmataha County (School District) on Scott's claim for breach of contract. Based on our review of the record on appeal and applicable law, we reverse the district court's grant of summary judgment, and remand this matter for further proceedings.

## BACKGROUND

¶ 2 Scott was hired by the Moyers Board of Education (the Board) as superintendent. It is undisputed that Scott's initial contract was approved by the Board on February 2, 1995, and signed the same day. The minutes of the February 2 board meeting state that the Board unanimously approved a motion "to hire Mr. Jimmy R. Scott for the remainder of the 1994–95 school year." [1] The record contains a certified administrators contract between Scott and the School District, dated February 2, 1995. The last clause of the contract (the Re-hire Clause) states:

1. For clarity, we will note that the School Board's contract hiring term operates on a fiscal year beginning on July 1 and ending on June 30.

Therefore, Scott's initial term of employment ended on June 30, 1995.

Provision: Moyers board of education agrees to re-hire Mr. Jimmy R. Scott for the 1995–96 school year, provided certain conditions are met concerning the financial assessment of Moyers Public School.

¶ 3 At a February 23, 1995, board meeting, all five members voted in favor of a second contract, re-hiring Scott "for the 1995–96 school year as superintendent of Moyers Public School." However, three of the five Board members who had approved the contract on February 23 then voted to reject it at a special meeting held on March 14, 1995. At the next regular Board meeting on March 30, 1995, the Board unanimously voted not to hire Scott as superintendent for the 1995–96 school year.

¶ 4 In 1997, Scott filed suit against the School District, alleging breach of contract, failure to follow the provisions of 70 O.S.2001 § 6–101.13 in the non-renewal of his employment, and constitutional violations by depriving him of an expectation of continued employment without due process. In August 1998, the School District filed a motion for summary judgment as to all of Scott's claims. Scott died in late 1998, and Scott's widow, Donna Brame, filed a suggestion of death and a motion to substitute herself as personal representative of the estate.[2] The district court set a hearing on the School District's motion for summary judgment for March 4, 1999.

¶ 5 The district court docket shows no further significant activity until School District's motion for summary judgment was heard in April 2003. The district court denied the School District's motion by minute order filed in June 2004. Another period of inactivity followed, until an abortive pre-trial conference in April 2008. After this conference, the School District filed a second motion for summary judgment on the issues of whether Scott was employed on a temporary contract that expired when the 1994–95 school year ended, and whether the Board

had ever lawfully voted to employ Scott as superintendent for the 1995–96 school year.

¶ 6 The district court issued a journal entry of judgment, filed on November 7, 2008, finding: (1) the undisputed facts established that the School District voted to hire Scott on a temporary contract that expired on June 30, 1995 and (2) the February 23, 1995, vote to re-hire Scott for 1995–96 was void because it was taken in wilful violation of the Open Meetings Act (OMA). The district court granted the School District's motion for summary judgment, and ordered that "the plaintiff take nothing by virtue of his claims filed herein."

¶ 7 Scott appeals from this judgment, arguing (1) the district court erred in finding that administrators with temporary contracts are not entitled to the procedural due process set out in 70 O.S.2001 § 6–101.13; (2) the court failed to view all evidence in a manner most favorable to Scott, as required by the summary judgment standard; and (3) the district court improperly considered hearsay and parol evidence as part of its summary adjudication and contract interpretation.[3]

## STANDARD OF REVIEW

¶ 8 We review a trial court's grant of summary judgment de novo. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.,* 2000 OK 36, ¶ 8, 4 P.3d 695, 699. The summary process requires that we determine whether the record reveals only undisputed material facts supporting only a single inference that favors the movant's motion for summary judgment. *Id.* Further, when considering a motion for summary judgment, the evidence and the inferences to be drawn from the evidence must be viewed in the light most favorable to

2. To retain continuity, we will refer to all actions in the district court case as actions by Scott.

3. School District's appellate pleadings alleged procedural facts that were material to our jurisdiction, and were not clearly confirmed in the

record. This Court therefore issued Orders requiring the parties to clarify certain events before the district court. We discuss the parties' responses to those orders and the jurisdictional issue in the body of this Opinion.

the party opposing the motion. *Hargrave v. Canadian Valley Elec. Co-op., Inc.,* 1990 OK 43, ¶ 14, 792 P.2d 50. If the moving party has not addressed all material facts, or if one or more of such facts is not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, ¶ 9, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court).

¶ 9 Whether a contract is ambiguous is a question of law, and the construction of an unambiguous contract is a question of law. *Pitco Prod. Co. v. Chaparral Energy, Inc.,* 2003 OK 5, ¶ 12, 63 P.3d 541, 545. When consideration of extrinsic facts is necessary to construe an ambiguous contract, its construction becomes a mixed question of law and fact. *Fowler v. Lincoln County Conservation Dist.,* 2000 OK 96, ¶ 15, 15 P.3d 502, 507.

## ANALYSIS

### I. The Re-hire Clause

¶ 10 It is undisputed that Scott's initial term of employment ended on June 30, 1995, and that his contract did not automatically renew. However, the contract also clearly provides that Scott would be re-employed for 1995–96 if certain financial contingencies were met. The district court's judgment does not specifically address the alleged breach of this Re-hire Clause.

¶ 11 School District's appellate briefing indicated that the issue of the Re-hire Clause had been eliminated from consideration by agreement of the parties prior to the April 2008 motion for summary judgment, stating:

At a pre-trial conference held on April 10, 2008, **the court and parties agreed** that the only issues remaining in the case were (1) whether Scott was employed on a temporary contract that expired when the 1994–95 school year ended, and (2) whether the Board lawfully voted to employ Scott as Superintendent for the 1995–96 school year at a meeting on February 23, 1995, when the agenda did not authorize

the Board to take any action with regard to the Superintendent's contract. (emphasis added.)

The manner in which disposition of the Re-hire Clause was resolved raises jurisdictional issues. Consequently, this Court ordered the School District to provide a copy of any pre-trial order narrowing the issues to exclude consideration of the Re-hire Clause, and Scott's representative to respond and confirm whether the Re-hire Clause was removed from consideration voluntarily, or by court action.

¶ 12 The parties' responses establish that Scott did not voluntarily dismiss any claim based on the Re-hire Clause. Therefore, we find the district court adjudicated the issue, and the order granting the School District's motion is an appealable order pursuant to 12 O.S.2001 § 951. We will review that adjudication de novo pursuant to the summary judgment standard.

### II. Summary Judgment Cannot Be Granted on the Re-hire Clause Claim

¶ 13 As to Scott's claim that the School District breached his contract by failing to re-hire him for the 1995–96 school year, an analysis of the arguments raised by the School District in support of its second motion for summary judgment confirms the existence of disputed material facts. School District's arguments in favor of summary judgment fell into two categories: arguments that the Re-hire Clause was not a part of the contract the parties made, and therefore School District was not required to re-hire Scott under any conditions, and arguments that the Re-hire Clause, if part of the contract, should not be interpreted to require Scott's re-hire.

### A. Arguments That the Contract Was Altered

¶ 14 School District implied in its summary judgment motion that the Re-hire Clause was added to the 1994–95 contract after the Board members voted on and signed it.[4]

4. School District did not plead the affirmative defense that the Re-hire Clause of the contract

was void for fraud or mutual mistake, therefore we assume these affidavits were intended to evi-

The record contains identical affidavits from all five Board members stating that they "did not recall" the Re-hire Clause being part of Scott's contract. In the same affidavits, the five Board members also stated that they had no intent of approving any conditional contract to re-hire Scott when they voted to approve his employment contract for the 1994–95 school year. The School District further submitted an affidavit from board member Tommy Blakey stating that he "discussed with Scott before Scott was hired the fact that Scott would be hired only through June 30 of 1995."

¶ 15 The board members' affidavits contradicted the express provisions of the Re-hire Clause. At best, these affidavits created an issue of fact regarding whether the Re-hire Clause was one of the terms and conditions of Scott's February 2, 1995, employment contract. They did not establish as undisputed facts that the Re-hire Clause was not part of the contract.

### B. Extrinsic Evidence of Intent

¶ 16 School District further argued that the Re-hire Clause did not obligate it to re-hire Scott because the Board did not intend Scott's contract to include any promise of a conditional re-hire. However, the contract states: "Moyers board of education agrees to re-hire Mr. Jimmy R. Scott for the 1995–96 school year, provided certain conditions are met concerning the financial assessment of Moyers Public School." Where a contract is unambiguous on a matter, "its language is the only legitimate evidence of what the parties intended." *Mercury Inv. Co. v. F.W. Woolworth Co.*, 1985 OK 38, ¶ 9, 706 P.2d 523, 529. The intention of the parties may not be determined from the surrounding circumstances, but must be gathered from the four corners of the instrument. *Id.; McClain v. Ricks Exploration Co.*, 1994 OK CIV APP 76, ¶ 8, 894 P.2d 422, 428; 15 O.S.2001 §§ 154, 155.

¶ 17 The contract contains an unambiguous promise to re-hire Scott if certain financial conditions were met. Extrinsic evidence may be necessary to define what those dence the content and interpretation of the con-

conditions were, but is not admissible to reinterpret the unambiguous promise to re-hire Scott if those conditions were met. Likewise, the affidavit from Board member Tommy Blakey stating that prior negotiations contradicted the terms of the Re-hire Clause is inadmissible for this purpose. Parol testimony cannot vary, modify or contradict the terms of the instrument, but is only admissible to explain the meaning of words when there is a latent ambiguity in the written text. *Mercury Inv. Co.*, at ¶ 9, 706 P.2d at 529.

¶ 18 Assuming the Re-hire Clause was a valid part of Scott's contract, School District could still meet the requirements for summary judgment by showing it was undisputed that the "conditions concerning the financial assessment of Moyers Public School" were not met. However, no evidence was introduced on this matter. Consequently, the School District has not addressed all material facts supported by acceptable evidentiary material necessary to establish its right to judgment as a matter of law, and was not entitled to summary judgment on Scott's breach of contract claim. *Spirgis,* 1987 OK CIV APP 45 at ¶ 9, 743 P.2d at 685.

### III. The OMA Issue

¶ 19 The Board defends this action in part by arguing that the decision to re-hire Scott made at the February 23, 1995 meeting was void because it was conducted in violation of the OMA. However, this defense applies only to the question of whether Scott was actually re-hired on February 23, not whether Scott was entitled to be re-hired. If the re-hire conditions specified in the contract were satisfied, the fact that the February vote was void would not relieve the School District of its obligation to re-hire Scott. Therefore, accepting the School District's Open Meeting argument without deciding its merits, we find the alleged violation of the OMA did not entitle School District to judgment as a matter of law.

### IV. Scott Was Entitled to the Due Process Required by 70 O.S.2001 § 6–101.13

¶ 20 Finally, Scott has challenged the district court's ruling that he was not statuto- tract.

rily entitled to the procedural due process set out in 70 O.S.2001 § 6–101.13 before the Board could decide not to re-employ him.[5] The School District argued that the section 6–101.13 procedure does not apply to "temporary" administrators such as Scott, whose contracts terminate naturally without action by the Board.

¶ 21 The district court found that Scott was employed as a temporary administrator. However, the operative status in the statute is addressed to the "full-time certified" nature of the administrator's employment, not temporary status. Presumably, the Legislature intended to extend the protections of § 6–101.13 to administrators employed on a full-time basis, even if temporarily. There is nothing in this record to show that Scott was not employed at the February 2, 1995, Board meeting on a full-time certified basis for the remainder of the 1994–95 school year. Moreover, the Board at the same time employed Scott for the following year subject to certain conditions being met. Thus, the evidence is clear—the Board intended to hire him as a full-time and not as a temporary employee.

¶ 22 Further, although 70 O.S.2001 § 6–101.23 exempts temporary teacher contracts from the statutory due process requirements, no equivalent statute exempts temporary administrator contracts from those requirements. Also, section 6–101.3 defines a "non-reemployment" decision pursuant to section 6–101.13 as a decision not to renew "an administrator's or teacher's contract upon expiration of the contract" indicating that expiring contracts, irrespective of duration, are subject to the section 6–101.13 requirements. The case of *Hoerman v. Western Heights Bd.*

*of Educ.,* 1995 OK CIV APP 130, ¶ 9, 913 P.2d 684, 687, holds that the dismissal procedures of § 6–101.13 apply to administrators on defined term contracts similar to Scott's. Further, *Hoerman* held that the provisions of section 6–101.13 are part of a full-time certified administrator's contract "as if [they] were expressly referred to or incorporated within the contract." *Id.* at ¶ 22, 913 P.2d at 689–90 (citing *Welty v. Martinaire of Okla., Inc.,* 1994 OK 10, 867 P.2d 1273).

¶ 23 We find *Hoerman* persuasive. Accordingly, we find that, if the conditions of financial assessment in the Re-hire Clause were satisfied, Scott was entitled to the procedural protections provided in § 6–101.13 prior to any decision by the School District to not employ him for the 1995–96 school year. Because it is undisputed that Scott was not afforded this procedure, School District failed to meet its burden required by *Spirgis,* and was not entitled to judgment as a matter of law.[6]

## CONCLUSION

¶ 24 After review of the record on appeal and applicable law, we find that Scott has established that a question of fact exists as to whether the School District was contractually obligated to re-hire him for the 1995–96 school year. Further, we find that if the conditions of financial assessment in the Re-hire Clause were satisfied, Scott was entitled to the procedural protections provided in 70 O.S.2001 § 6–101.13, prior to any decision by the School District to not employ him for the 1995–96 school year, and it is undisputed that he was not afforded this procedure. There-

**5.** 70 O.S.2001 § 6–101.13 provides: Whenever the local board of education or the administration of a school district shall determine that the dismissal or nonemployment of a full-time certified administrator from his administrative position within the school district should be effected, the administrator shall be entitled to the following due process procedures:

1. A statement shall be submitted to the administrator in writing prior to the dismissal or non-reemployment which states the proposed action, lists the reasons for effecting the action, and notifies the administrator of his right to a hearing before the local board of education prior to the action; and

2. A hearing before the local board of education shall be granted upon the request of such administrator prior to the dismissal or nonreemployment. A request for a hearing shall be submitted to the board of education not later than ten (10) days after the administrator has been notified of the proposed action.

**6.** Scott further alleged that the district court erred in finding he was not entitled to the section 6–101.13 process because Oklahoma does not allow temporary administrator contracts. As we have previously determined that application of section 6–101.13 is not dependent on temporary status, we need not decide this issue.

fore, School District was not entitled to summary judgment in this matter. The judgment of the district court is reversed and this matter is remanded for further proceedings consistent with this Opinion.

¶ 25 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GABBARD, P.J., concurs, and RAPP, J., concurs in result.