2017 OK CIV APP 34

Kenneth L. BRUNE, P.C.,
Plaintiff/Appellee,

v.

CRAWFORD AND COMPANY, a Foreign
Corporation Registered in Oklahoma,
Defendant/Appellant,

and

American Transport Insurance Company,
a Foreign Corporation; American Transport
Insurance Corporation, a Foreign
Corporation; Russell Wilson, an Individual; Dan Pritchard, an Individual; and
Don Phillips, an Individual, Defendants.

Case Number: 113374

Court of Civil Appeals of Oklahoma,
Division No. 2.

Decided: 02/07/2017

Mandate Issued: 06/20/2017

Larry D. Ottaway, Amy Sherry Fischer, Andrew M. Bowman, FOLIART, HUFF, OTTAWAY & BOTTOM, Oklahoma City, Oklahoma, for Defendant/Appellant

JOHN F. FISCHER, PRESIDING JUDGE:

¶1 Crawford and Company appeals a judgment entered on a jury verdict in favor of Kenneth L. Brune. Brune was hired to defend an insured in a personal injury action pursuant to an insurance policy issued by American Transport Insurance Company. Brune was contacted by Crawford as the agent and third-party administrator for American. When American failed to pay for his services, Brune sued American and Crawford and individual employees of each company. Brune obtained a judgment against American for breach of contract. The district court then granted Brune's motion for partial summary judgment, finding that Crawford was a party to the contract between Brune and American and was liable for American's breach of that contract. Although the case was also tried on other liability issues and damages, the jury was instructed that, as a matter of law, Crawford was liable to Brune for American's breach of its contract with Brune. We find dispositive Crawford's appeal of that portion of the judgment entered on the jury's verdict awarding damages to Brune against Crawford for American's breach of contract. Because Brune's motion for partial summary judgment was granted in error, the entire judgment against Crawford must be vacated and this case remanded for further proceedings.

## BACKGROUND

¶2 In August of 2006, James Golden was injured when he was struck by a vehicle driven by Michael Joe Pruitt, an employee of Tulsa Airport Taxi. The vehicle Pruitt was driving at the time of the accident was operated by Tulsa Airport Taxi and covered by an insurance policy issued by American. Golden sued the taxi company and Brune was hired to defend that action. He did so successfully, obtaining a judgment in his client's favor on October 23, 2008. When American failed to pay for his services,

Daniel E. Smolen, SMOLEN, SMOLEN & ROYTMAN, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellee

Brune sued American for breach of contract and open account. He obtained service on American by certified mail and a judgment by default when American failed to appear. Brune then amended his petition to add Crawford and three individuals as defendants: Russell Wilson, American's president, and two Crawford employees, Dan Pritchard and Don Phillips. Brune sued these defendants for breach of contract, open account, actual and constructive fraud, civil conspiracy, promissory estoppel, unjust enrichment and tortious misrepresentation. He also sought punitive damages.

¶ 3 Prior to trial, Brune filed a motion for partial summary judgment, which the district court granted, in part. The district court found that Crawford was a party to the contract between American and Brune and, therefore, liable to Brune for American's failure to pay Brune the reasonable amount of his attorney fees for defending Tulsa Airport Taxi. Brune dismissed his contract and open account theories against Pritchard and Phillips, and the case proceeded to trial.[1] At the conclusion of the trial, the jury was instructed that the district court had previously found that Crawford was liable to Brune for American's breach of contract. The jury returned a verdict against Crawford on Brune's contract theory in the amount of $46,986.77, and, as interpreted by the district court after questioning the jury, on at least one of Brune's tort claims in the amount of $212,750. After some confusion about the jury's intent regarding its verdict, the jury retired again and returned an additional verdict against Crawford for $100,000 in punitive damages. The jury also returned a verdict against Brune and in favor of Pritchard and Phillips on his claims against them. Brune

has not appealed the adverse judgments in favor of Pritchard and Phillips, and those judgments are unaffected by this Opinion.

¶ 4 Crawford appeals the judgment entered against it, challenging the partial summary judgment ruling and Brune's evidence of non-attorney fee damages. Crawford also challenges the verdict forms and claims that the jury's verdicts are inconsistent insofar as concerns the jury's findings in favor of the individual defendants and the finding against Crawford on the issue of respondeat superior. Because we find the summary judgment issue dispositive, we will not address the remaining issues raised by Crawford in this appeal.[2]

## STANDARD OF REVIEW

¶ 5 Title 12 O.S.2011 2056 governs the procedure for summary judgment in this case. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* The de novo standard controls an appellate court's review of a district court order granting summary judgment. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051. De novo review involves a plenary, independent and non-deferential examination of the trial court's rulings of law. *In re Estate of Bell–Levine*, 2012 OK 112, ¶ 5, 293 P.3d 964.

## ANALYSIS

¶ 6 From the summary judgment record, the following facts are undisputed:

1. On May 15, 2002, American was issued a certificate of authority to transact the busi-

---

1. Although Wilson signed the certified mail receipt for the summons and petition served on American, Brune never obtained service on Wilson in his individual capacity, and he was not a party to these proceedings.

2. The issues unresolved by this Opinion may be relitigated after remand as deemed appropriate by the district court, subject to the law of preclusion, the law of the case and other applicable law. For example, this Opinion does not resolve Crawford's argument, first raised in this appeal, that it cannot be held liable on a respondeat superior theory of liability because the jury re-

turned a verdict, confirmed by the district court's judgment, finding that Crawford's agents, Pritchard and Phillips, were not liable to Brune for their conduct in this matter. The judgments in favor of Pritchard and Phillips were not appealed and remain undisturbed by our Opinion. However, in his appellate briefing, Brune argues that Crawford is vicariously liable for the conduct of some of its employees other than Pritchard and Phillips. That is a matter for the district court's determination on remand in accordance with this Opinion.

ness of insurance by the government of American Samoa.

2. On July 29, 2005, the Texas Insurance Commissioner found that American was not licensed to conduct the business of insurance in Texas and ordered American to cease and desist from issuing new insurance policies or collecting insurance premiums in the State of Texas. A letter concerning this action was received by Kamie Whaley in Crawford's Shreveport office on March 20, 2006.

3. On August 21, 2006, James Golden was injured when he was struck by a vehicle driven by Michael Joe Pruitt, an employee of Tulsa Airport Taxi.

4. The vehicle Pruitt was driving was covered by a policy of insurance issued by American, policy number 04-ATIC0238-53. The policy had an effective date of July 23, 2006, to July 23, 2007.

5. On September 11, 2006, Don Phillips, of Crawford's Shreveport, Louisiana, office instructed Dan Pritchard in Crawford's Tulsa, Oklahoma, office to handle the "assignment" from American of Golden's claim covered by the Tulsa Airport Taxi policy number 04-ATIC0238-53. Crawford served as the third-party administrator of claims made against American's insureds, such as Golden's claim.

6. On January 19, 2007, the Louisiana Insurance Commissioner found that American was not licensed to conduct the business of insurance in Louisiana and ordered American to cease and desist from issuing new insurance policies or collecting insurance premiums in the State of Louisiana.

7. On September 11, 2007, Russell Wilson, on behalf of American, authorized Crawford to employ legal counsel to defend the Golden claim.

8. In September of 2007, Pritchard contacted Brune on behalf of American. Brune accepted the engagement to defend Tulsa Airport Taxi in the Golden litigation. Brune's employment was confirmed in a letter from Crawford to American, with a copy to Brune.

9. Brune successfully completed the engagement by obtaining summary judgment for Tulsa Airport Taxi on October 23, 2008.

10. On October 24, 2008, Pritchard informed Brune that Crawford had made a "business decision" to no longer represent American and that any further correspondence with American should be sent directly to Wilson.

11. On February 2, 2009, Brune sued American for breach of contract and on an open account to collect his unpaid attorney fees generated by his defense of Tulsa Airport Taxi in the Golden litigation. Brune obtained service on American when Wilson signed the certified mail receipt accepting Brune's summons and petition.

12. On July 14, 2009, Crawford sued American and Wilson for breach of contract and non-payment of its claims administration fees.

13. On August 5, 2009, Brune obtained judgment against American when it failed to appear or answer.

14. On January 4, 2011, Brune amended his petition to assert claims against Crawford, Phillips, Pritchard and Wilson.

¶ 7 On October 14, 2014, the district court granted, in part, Brune's summary adjudication motion. The district court granted Brune's motion against Crawford only, and only on Brune's breach of contract and open account theories of liability. The district court found that American was not, and had never been, licensed to transact the business of insurance in Oklahoma, and American was not a legal entity in Oklahoma when the contract between Brune and American was formed and lacked the capacity to contract. The district court found that Crawford was a party to the American/Brune contract because an agent, who has reason to know that its principal does not exist, becomes a party to a contract between the purported principle and a third-party with whom the agent deals. The district court relied on section 6.04 of the Restatement (Third) of Agency for this principle and also on this Court's decision in *AT&T Advertising v. Winningham*, 2012 OK CIV APP 51, 280 P.3d 360 (holding that a member of limited liability company was personally liable for contract signed after company's legal status was cancelled).

¶ 8 Interlocutory summary adjudication of Brune's contract theories against Crawford was error. The issue is not whether American was licensed to transact the business of insurance in Oklahoma but whether American was legally capable of creating a contractual obligation to defend Tulsa Airport Taxi in the Golden litigation. With respect to that issue, Brune has not addressed, as is required, all material facts necessary to demonstrate that judgment against Crawford was proper. *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court).

¶ 9 There is evidence in this record showing that in 2002 American became licensed by the government of American Samoa to transact the business of insurance. Brune introduced no evidence to contradict this fact or to show that American's American Samoan license had ever been suspended or cancelled. Consequently, Crawford is entitled to the inference that American was a legally constituted corporation licensed to transact the business of insurance at all times material to this case. *Hargrave v. Canadian Valley Elec. Coop., Inc.,* 1990 OK 43, ¶ 14, 792 P.2d 50 (holding that the evidence and the inferences to be drawn from evidence must be viewed in the light most favorable to the party opposing a summary judgment motion). That fact, established by the summary judgment proceedings, renders section 6.04 of the Restatement (Third) of Agency and the holding in *Winningham* inapplicable.

¶ 10 Also, the fact that American was ordered to stop issuing new insurance policies in Texas and Louisiana before Brune was hired is not material to Brune's motion for summary judgment. "A fact is 'material' if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hadnot v. Shaw,* 1992 OK 21, ¶ 18, 826 P.2d 978. Brune has not shown that the insurance policy issued to Tulsa Airport Taxi was issued in Texas or Louisiana. The written evidence regarding that policy shows only that the policy existed. Brune was unable to obtain a copy of the American/Tulsa Airport Taxi policy and, therefore, unable to show which state issued that policy.

¶ 11 Further, Brune has not shown that the American/Tulsa Airport Taxi policy was issued in Oklahoma. Brune asserts as an undisputed fact that American "is not, and has never been, licensed (or otherwise authorized) to transact the business of insurance in the State of Oklahoma," but that "fact" is not supported by any evidentiary material. If one or more of the material facts are not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis,* 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682. Even so, the consequence of issuing an unauthorized policy of insurance in Oklahoma is defined by statute. "Any person transacting insurance in violation of this section shall be liable to the insured for the performance of any contract between the insured and the insurer resulting from such transaction." 36 O.S.1991 1101(B) (superseded effective November 1, 2010). Brune has failed to show that American was not legally capable of creating a contractual obligation to provide a defense for its insured in the Golden litigation, regardless of whether American was authorized to issue an insurance policy to that insured. Based on the summary judgment record, that ability is evidenced by American's certificate of authority from the government of American Samoa.

¶ 12 More importantly, as to Brune's claim against Crawford: "The investigation and adjustment of any claim in this state arising under an insurance contract issued by an unauthorized insurer shall not be deemed to constitute the transacting of insurance in this state." 36 O.S.1991 1101(D) (superseded effective November 1, 2010). All Brune has shown is that American hired Crawford to investigate and adjust Golden's claim against Tulsa Airport Taxi, and Crawford contacted Brune to defend that claim. Brune has not shown that Crawford transacted the business of insurance in Oklahoma or otherwise became liable to Tulsa Airport Taxi for providing a defense in the Golden litigation.

¶ 13 Finally, Oklahoma's General Corporation Act is instructive in resolving this matter.

> The failure of a foreign corporation to obtain authority to do business in this state shall not impair the validity of any contract or act of the foreign corporation or the right of any other party to the contract to maintain any action or special proceeding thereon, and shall not prevent the foreign corporation from defending any action or special proceeding in this state.

18 O.S.2011 1137(B). Consequently, regardless of American's authority to transact business in Oklahoma, Tulsa Airport Taxi was entitled to the benefit of American's contractual obligation to provide a defense in the Golden matter. Brune was hired by Crawford as the agent of American to provide that defense. "When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract...." Restatement (Third) of Agency, 6.01.

¶ 14 Instructing the jury that Crawford was liable as a matter of law for American's breach of contract was fundamental error requiring reversal of the judgment against Crawford in all respects. It is likely the jury would have reached a different verdict if it had not been so instructed. *Taliaferro v. Shahsavari*, 2006 OK 96, 154 P.3d 1240.

## CONCLUSION

¶ 15 The evidentiary materials of record do not establish, as a matter of law, either that Crawford was a party to the insurance contract or was responsible for providing or paying for Tulsa Airport Taxi's defense in the Golden litigation. It was error to grant interlocutory summary judgment against Crawford on Brune's breach of contract and open account theories of liability. Consequently, it was error to instruct the jury that Crawford was liable to Brune for American's breach of its contract with Brune. Because that was fundamental error, the judgment against Crawford is vacated, and this case is remanded for further proceedings.

¶ 16 **JUDGMENT VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

MITCHELL, J. (sitting by designation), and BARNES, J. (sitting by designation), concur.