William C. BILLINGS, Appellant,

v.

WAL–MART STORES, INC.,
A Corporation Appellee.

No. 78503.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 25, 1992.

Marvin L. Smith, Miami, for appellant.

Joseph A. Sharp, John H.T. Sheridan, Karen M. Grundy, Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

William C. Billings (Billings), was driving in the parking lot of Wal–Mart Stores, Inc.

(Wal–Mart) with his son when he hit a speed bump. Billings put the brake on his car to avoid hitting the bump, but was unable to stop the car.

Billings filed an action against Wal–Mart alleging that it had created an unreasonably hazardous condition for its invitee customers; and, that Wal–Mart failed to use ordinary care to keep its premises in a reasonably safe condition or to warn its customers of the unsafe condition. Wal–Mart denied liability and alleged that the speed bump was a condition open and obvious to Billings and therefore he should be denied recovery.

After discovery, Wal–Mart moved for summary judgment. As a basis for that motion, it alleged that the speed bump was an open and obvious condition; and, at most the speed bump was a condition, not a cause of Billings damages. As evidentiary material attached to the motion, Wal–Mart offered a deposition from the assistant manager of the store. He testified the speed bump was painted yellow and was easily visible. Wal–Mart also attached the deposition of Billings wherein he testified that nothing impaired his visibility of the speed bump; that he had seen the speed bump prior to hitting it but had been unable to stop the car to avoid it; that he was talking with his son when he hit the bump; and, that he thought the bump was too high for a car to drive over.

Billings responded to Wal–Mart's motion and attached affidavits that there were no warnings about the speed bump; that the speed bump was deceptively high; and, that the speed bump was not yellow on the day of the accident, but a grayish color, close to the color of the concrete. After a hearing, the trial court sustained Wal–Mart's motion and entered summary judgment in its favor.

Billings contends that summary judgment was improper because a fact question exists as to whether the speed bump was an open and obvious condition or a deceptive hidden danger. Billings points to the fact that he introduced affidavits that the speed bump was grayish in color, and, while it was visible, was deceptive as to its height and width. Billings claims Wal–Mart owed its customers ordinary care, and had the duty to warn them of the danger.

For actionable negligence to occur, there must be: the existence of a duty on the part of the defendant to protect the plaintiff from injury; failure of the defendant to perform the duty; and, injury to the plaintiff as a result of that failure. *Sloan v. Owen*, 579 P.2d 812 (Okl.1977).

■ An invitor's duty of ordinary care extends only to hidden dangers, traps, snares, pitfalls, and the like, that are not known to the invitee. The invitor has no duty to protect or warn about dangers readily apparent and observable. The invitee is under no duty to keep premises free from obvious dangers. *Nicholson v. Tacker*, 512 P.2d 156 (Okl.1973).

■ Where there is no duty, there can be no breach of duty. Here, Billings testified he saw the speed bump before hitting it. We agree with the trial court that the speed bump, at most, constitutes an open and obvious danger that requires care on the part of the invitee to avoid the danger. While there is divergent testimony on whether the speed bump was painted yellow or was a grayish color, it was readily observable, and was observed. In such a case, color is not a material fact. The speed bump on Wal–Mart's premises required drivers to reduce the speed of their vehicles, and that is the intended purpose of the device. It merely created a condition requiring due care on the part of an invitee, but is not a deceptive or hidden danger.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.