Lois **PHELPS** and Harvey
**Phelps, Appellants,**

v.

**HOTEL MANAGEMENT, INC., d/b/a
Seasons Inn, or All Seasons Inn,
Edmond, Oklahoma, Appellee.**

No. 86683.

Supreme Court of Oklahoma.

Oct. 8, 1996.

E.W. Bill Shaw, Enid, for Appellants.

Reggie Whitten, Douglas Terry, Oklahoma City, for Appellee.

KAUGER, Vice Chief Justice.

The issue presented on certiorari is whether disputed fact questions exist concerning whether a glass bowl, which contained a seasonal display of pumpkins and which extended into the seating area of a bench, was an open and obvious danger. We find that under the facts presented, material fact questions exist concerning whether the bowl was an open and obvious danger.

### FACTS

On November 7, 1992, Harvey and Lois Phelps (appellants/Phelps) and their daughter, attended a meeting of the Oklahoma Quarterhorse Association in a hotel operated by the appellee, Hotel Management, Inc. d/b/a Seasons or All Seasons Inn. While waiting in the lobby for a friend to arrive, Harvey Phelps and his daughter sat down on a circular bench. Behind them, in the middle of the circular bench, was a large glass bowl filled with a seasonal display of pumpkins. Lois Phelps alleges that when she sat down between her husband and her daughter, she struck the back of her head on a sharp portion of the glass bowl which was concealed by decorations and which extended partially into the area over the back of the bench.

On November 4, 1994, the Phelps sued the Hotel alleging that: 1) the glass bowl which contained a seasonal display of pumpkins protruded over the seating area of the bench; 2) Lois Phelps suffered personal injuries after she struck the back of her head on a hidden, sharp, pointed, protrusion of the glass bowl; and 3) as a result of the injuries, Harvey Phelps suffered a loss of consortium. The Hotel answered the petition and moved for summary judgment, contending that it owed no duty to Lois Phelps because the bowl was an open and obvious danger.

The trial court entered summary judgment for the hotel and against the Phelps. The Phelps appealed and the Court of Appeals affirmed. It found that because the bowl was an open and obvious danger, summary judgment was proper. We granted certiorari on July 24, 1996.

**UNDER THE FACTS PRESENTED, MATERIAL FACT QUESTIONS EXIST AS TO WHETHER THE GLASS BOWL WAS AN OPEN AND OBVIOUS DANGER. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT**

On certiorari, the Phelps assert that the trial court erred in granting summary judgment to the hotel because a fact question exists—whether the pumpkin display was an open and obvious danger. They argue that, although the bowl gave an appearance of innocence, it concealed the potential for serious injury that the general public would not expect such a seasonal decoration to pose.

The hotel points to Lois Phelps' deposition, which it attached to its brief in support of its motion for summary judgment, arguing that it could not be liable for damages because Lois Phelps testified at her deposition that the bowl was neither hidden nor obstructed from view in any way, but was clearly visible to anyone in the hotel lobby.[1]

■ A party seeking to establish negligence must prove by a preponderance of evidence: 1) a duty owed by the defendant to the plaintiff to use ordinary care; 2) a breach of that duty; and 3) an injury proximately caused by the defendant's breach of duty.[2] A business owner owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner.[3] This duty extends to hidden dangers, traps, snares, pitfalls and the like which are not known to the invitee. However the invitor has no duty to protect or warn about dangers which are open and obvious, and which would be discovered by the invitee in the exercise of ordinary care.[4] The hotel based it motion for summary judgment on its

assertion that it owed no duty to the appellant because the bowl was an open and obvious danger. The Phelps challenge the hotel's position. They argue that the hotel created a condition which presented the appearance of safety, but because the glass bowl extended into the back of the seating area and because it contained seasonal decorations—the questions of safety and the obviousness of its placement were questions for the jury.

■ A motion for summary judgment may be filed if the pleadings, depositions, interrogatories, affidavits and other exhibits reflect that there is no substantial controversy pertaining to any material fact.[5] Even when basic facts are undisputed, motions for summary judgment should be denied, if from the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts.[6] Summary judgment is proper only when the pleadings, affidavits, depositions, admissions, or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.[7] All conclusions drawn from the evidentiary material submitted to the

---

1. The hotel also argues that, although she testified that it appeared that the display had been moved out of place causing it to protrude into the seating area, she had offered no evidence that the hotel management had either actual or constructive notice that the bowl had been moved out of place. We agree with the hotel that in order to recover damages the Phelps will have to show either actual or constructive knowledge. See, *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993). Here, the evidentiary material reflects that Lois Phelps alleges that she was informed by the hotel staff that a maid must have moved the bowl into the seating area. However, the burden on summary judgment was on the hotel to provide proof that no disputed facts existed relating to whether the hotel had the requisite notice, see Rule, 13, 12 O.S.1991, Ch. 2 App., note 5, infra.

2. *Grover v. Superior Welding, Inc.*, 893 P.2d 500, 502 (Okla.1995); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla.1990); *Thompson v. Presbyterian Hosp.*, 652 P.2d 260, 263 (Okla. 1982).

3. *Taylor v. Hynson*, see note 1, supra; *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973).

4. *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 775 (Okla.1988); *Nicholson v. Tacker*, 512 P.2d

156, 158 (Okla.1973); *Beatty v. Dixon*, 408 P.2d 339, 343 (Okla.1965).

5. *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158, 163 (Okla.1989); Rule 13, 12 O.S.1991, Ch. 2 App. provides in pertinent part:

"a. A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and to requests for admissions, affidavits, and exhibits on file ... show that there is no substantial controversy as to any material fact ...
b. If the adverse party ... wish[es] to oppose the granting of the motion, they shall serve on the moving party and file ... a concise written statement of the material facts as to which he or they contend a genuine issue exists ... The adverse party shall attach to the statement affidavits and other material containing facts that would be admissible in evidence ..."

6. *Markwell v. Whinery's Real Estate Inc.*, 869 P.2d 840, 845 (Okla.1994).

7. *Carris v. John R. Thomas & Assoc.*, 896 P.2d 522, 530 (Okla.1995); *Roach v. Atlas Life Ins. Co.*, see note 5, supra.

trial court are viewed in the light most favorable to the party opposing the motion.[8]

Before a motion for summary judgment under Rule 13, 12 O.S.1991, Ch. 2 App. Rules for the District Courts may properly be granted, the movant must show that there is no disputed issue of material fact.[9] Accordingly, if, after considering the part of Lois Phelps' deposition attached to the hotel's motion for summary judgment, a disputed question of fact remains, then the trial court erred in granting the hotel's motion for summary judgment.

■ Here, the evidentiary materials show that Lois Phelps admitted that the bowl was not hidden or obstructed from view in any way, but was clearly visible to anyone in the hotel lobby, and that there was nothing obstructing her vision of the bowl.[10] This shows only that the bowl, itself, was visible. The evidentiary materials are not dispositive of the material questions of fact concerning whether the bowl appeared to extend into the seating area, or whether the position of the glass bowl made it appear completely harmless when it in fact allegedly presented a potential for serious injury. Other evidentiary material shows that Lois Phelps, even after hitting her head, could not tell how far the bowl extended into the seating area.[11]

Mr. Phelps and his daughter also saw the bowl, but it did not appear to either one of them to be in a position which presented any possible danger for injury.[12] The Phelps argue that this is not a case where the general public would recognize the danger that a bowl sitting behind the bench could lead to serious injury. They insist that it is not expected that one could be subjected to personal injury while attempting to sit. Whether a reasonable person would recognize that the bowl was in such a position that it appeared perfectly harmless but in fact presented the potential for injury is a fact question that should be submitted to the jury to decide.

The characteristics of the offending bowl as a hidden or open hazard at the time of the injury presented an issue of fact rather than one of law.[13] We find that reasonable persons, after considering all of the evidence and its reasonable inferences could differ on whether the glass bowl was an open and obvious danger. Because reasonable minds could differ as to whether the bowl was an open and obvious danger, summary judgment should not have been entered.

## CONCLUSION

The hotel's basis for summary judgment was that it owed no duty to the appellant

---

8. *Ross v. City of Shawnee,* 683 P.2d 535, 536 (Okla.1984).

9. *Roper v. Mercy Health Center,* 903 P.2d 314, 315 (Okla.1995).

10. Lois Phelps' deposition provides in pertinent part at pp. 42–43:

"... Q Was there anything to keep you from seeing it when you walked into the lobby?
A Not that I know of.
Q If you had looked at that bowl, you could have seen it?
A Yes.
Q It wasn't hidden?
A No.
...
Q This was not something that was hidden? You could look at it and see it? There wasn't anything to obstruct your vision of this bowl?
A No, you could see the bowl.
...
Q Is it fair to say that that bowl was plainly visible to anyone that looked at the area that the bowl was sitting in?
A Yes...."

11. Lois Phelps' deposition provides in pertinent part at p. 54:

"... Q Now, how far was that bowl sticking out over the seating area?
A I did not look at the bowl until after I hit my head. I could not tell you how far out it was. When we came back the bowl was gone; so I could not look at it again. I do not know how far it was sticking out. It protruded out over the bench...."

12. Harvey Phelps' affidavit provides in pertinent part:

"... While in the lobby of the defendant's hotel I observed the circular bench seat provided by the defendant for patrons to use while in the lobby. I also noted the large bowl of pumpkins which was setting in the center of the circular bench seating area. The bowl did not appear to be a danger to persons choosing to sit on the bench provided by the defendant." Jennifer Phelps, in her affidavit, made the same statement as Harvey Phelps.

13. *Henryetta Constr. Co. v. Harris,* 408 P.2d 522, 526 (Okla.1965); *Pruitt v. Timme,* 349 P.2d 4, 5–6 (Okla.1959).

because the bowl was an open and obvious danger. Before a motion for summary judgment under Rule 13, 12 O.S.1991, Ch. 2 App. Rules for the District Courts may properly be granted, the movant must show that there is no disputed issue of material fact.[14] The evidentiary material attached to the hotel's motion for summary judgment, however, is not dispositive of the material fact issues concerning whether the bowl was an open and obvious danger. Under the facts presented, we find that reasonable people, after considering all of the evidence and its reasonable inferences could differ on whether the glass bowl was an open and obvious danger and that summary judgment should not have been entered.

ALMA WILSON, C.J., and LAVENDER, HARGRAVE, OPALA and SUMMERS, JJ., concur.

HODGES, SIMMS and WATT, JJ., dissent.

**14.** *Roper v. Mercy Health Center,* see note 9, supra.