1997 OK 75

**Hanna A. ZAGAL, Appellant,**

v.

**TRUCKSTOPS CORPORATION OF AMERICA, Appellee.**

No. 87605.

Supreme Court of Oklahoma.

June 17, 1997.

Rehearing Denied Dec. 3, 1997.

William F. Pain, Norman, Shawn M. Dethlefsen, Gene A. Foehl & Associates, Media, PA, for Appellant.

Michael G. Harris, Brian R. Matula, Moricoli, Harris, Cottingham & Hurst, Oklahoma City, for Appellee.

### MEMORANDUM OPINION

SUMMERS, Vice Chief Justice.

¶ 1 Hanna Zagal tripped and fell while in Defendant's truck-stop. She brought an action for her injuries against the owner, Truckstops Corp. of America. The question is whether summary judgment was properly granted in the trial court on the Defendant's motion. The Court of Civil Appeals affirmed by a divided opinion. Having granted certiorari we reverse and remand.

¶ 2 Zagal and her husband were traveling in their Peterbilt truck with a full load on I–40, headed for Amarillo, Texas. They stopped at Truckstops in Oklahoma City at approximately noon. While her husband was

fueling the truck Hanna went inside the truck-stop building through a glass door, turned a right corner to walk down an aisle, and immediately tripped over a box on the floor out of which a stockboy was stocking shelves with merchandise. Truckstops' motion states that the part of the box that caused Zagal to trip was not obscured by the merchandise shelves. The manager for Truckstops stated by affidavit that a box that size could not be obscured by the shelf.

¶ 3 In Zagal's deposition she stated that she had been to the truck-stop "many, many" times, was familiar with the building, and was not looking down at the floor when she opened the door and turned the corner. She stated that the box she tripped over was concealed, or least partially concealed, by shelves containing merchandise. When she tripped she fell into some shelves and then to the floor. She said that there was a big crash, and the manager appeared and screamed at the stockboy "I told you to get those damn boxes out of the way, somebody was going to break their neck."

¶ 4 Zagal stated that she could not remember the exact size of the brown cardboard box, that it could have been two or three feet long and two feet high, but she could not say for certain because she saw it only briefly after the fall. She says that after the fall, because of what the manager was saying, she understood that the box was partially under a shelf, and that her foot hit a part of the box sticking out into the aisle. She states that the reason she was not looking at the floor, having just turned a corner, was that she was familiar with the store.

¶ 5 The Defendant argues that the cardboard box must have been an open and obvious danger, because a box the size described in Zagal's deposition could not have been hidden. Thus, Truckstops claims, it owed no duty to Zagal to protect her from this danger. She responds that whether the box was obvious and readily observable or concealed is a disputed question of fact.

¶ 6 The parties agree that Zagal possesses the status of an invitee on the premises. A shopkeeper owes an invitee a duty of reasonable care, and an invitee who is a business visitor is entitled to that care which would make the premises safe for the invitee's reception. *Brown v. Nicholson,* 1997 OK 32, ¶ 7, 935 P.2d 319. Therein we explained that the reasonable care owed is dependent upon the particular visitor's frequency upon the premises, her knowledge of the conditions of the premises, and the extent of the permission granted by the owner, and thus reasonable care in a negligence action has different meanings shifting with the circumstances of each case. *Id.* at ¶ 8. An owner owes an invitee a duty to keep the premises reasonably safe from hidden dangers, traps, snares, and the like. *Brown,* at ¶ 11;[1] *Rogers v. Hennessee,* 602 P.2d 1033, 1034 (Okla.1979). An owner is under no legal duty to warn an invitee of a danger which is obvious and should be observed in the exercise of ordinary care. *Byford v. Town of Asher,* 1994 OK 46, 874 P.2d 45, 49.

¶ 7 The evidentiary material used in support of the motion for summary judgment concedes that Zagal did not see the box. Truckstops' argument is that summary judgment is proper nevertheless, because, although Zagal did not see the danger (the box), a reasonably prudent person should have observed it and avoided it. Truckstops' motion equates the box with the danger, claims that it was visible and asks the court for judgment based upon these two factors.

¶ 8 In *Roper v. Mercy Health Center,* 1995 OK 82, 903 P.2d 314 the plaintiff tripped over a small light fixture installed in a sidewalk. We said that whether the plaintiff's claim of not seeing the fixture because of pedestrian traffic was sufficient to treat the fixture as a hidden defect was an issue to be determined by a jury. *Id.* 903 P.2d at 315. In *Spirgis v. Circle K Stores, Inc.,* 1987 OK Civ.App. 45, 743 P.2d 682, (Approved for publication by Supreme Court), it was explained that the issue of whether a pothole in a parking lot was a hidden danger because of traffic was one to be decided by a trier of fact. In *Phelps v. Hotel Management, Inc.,* 1996 OK 114, 925 P.2d 891 the plaintiff struck a glass bowl with the back of her head

---

1. In *Brown* there was a question as to whether the injured plaintiff was an invitee or licensee.

while taking her seat on a bench. We said that although the glass bowl was visible, whether its position in relation to the seating area made it something other than harmless was a jury question. We went on to explain that the observable glass bowl was not necessarily, as a matter of law, an open and obvious danger.

¶ 9 In other words, the characteristic of an item as being observable, whether a glass bowl or a cardboard box, cannot, by itself, require that item to be declared as a matter of law an open and obvious danger. Truckstops argues that the box was observable on the floor and thus *ipso facto* an obvious danger. But that is not the test. All of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not. *Brown, supra,* at ¶ 8.

¶ 10 We reversed the defendant's summary judgment in *Phelps* because "reasonable minds could differ on whether the glass bowl was an open and obvious danger." 925 P.2d at 894. Could reasonable minds differ as to whether a concealed danger was created by a cardboard box of this size partially under a shelf and partially obstructing an aisle in a location where the plaintiff, familiar with the premises, tripped over it and fell just after entering the door and turning a corner? We conclude that they could, and that the matter is properly one for a trier of fact.

¶ 11 We vacate the opinion of the Court of Civil Appeals, reverse the judgment of the trial court, and remand the cause for further proceedings in the District Court of Oklahoma County.

¶ 12 KAUGER, C.J., and LAVENDER, SIMMS, HARGRAVE, OPALA and ALMA WILSON, JJ., concur.

¶ 13 HODGES and WATT, JJ., dissent.

