**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VONNA SIMPSON,

      Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,

      Defendant-Appellant.

No. 99-5082
(D.C. No. 98-CV-235-K(J))
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Wal-Mart Stores, Inc., appeals from the denial of its motion for

judgment as a matter of law. Plaintiff Vonna Simpson brought this diversity tort

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

action to redress injuries sustained when she fell over a cone in the doorway of one of defendant's premises. Defendant moved for summary judgment, arguing that the cause of plaintiff's fall was an "open and obvious" danger for which no liability may be imposed. *See Zagal v. Truckstops Corp. of Am.*, 948 P.2d 273, 274 (Okla. 1997) (holding "owner is under no legal duty to warn an invitee of a danger which is obvious"). The district court denied the motion, and the case went to trial. The jury returned a verdict for plaintiff, though its damage award was reduced to account for a finding of 49% comparative negligence on the part of plaintiff. Defendant moved for judgment notwithstanding the verdict, relying again on the "open and obvious" danger defense. The district court denied the motion. We review the district court's decision, and the determination of state law it incorporates, de novo, *see Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1398, 1399 (10th Cir. 1997), and affirm for substantially the reasons stated by the district court.

Whether a condition is open and obvious "is a fact question that should be submitted to the jury to decide," and, thus, where "reasonable minds could differ," judgment as a matter of law is improper. *Phelps v. Hotel Management, Inc.*, 925 P.2d 891, 894 (Okla. 1996); *see also Spirgis v. Circle K Stores, Inc., 743 P.2d 682, 685 (Okla. Ct. App. 1987)* (holding summary judgment improper where "the facts before the court do not conclusively demonstrate the obvious

-2-

nature of the defect"). Defendant contends it was entitled to judgment on this defense because (1) the cone plaintiff tripped on was visible and (2) the only reason she did not see and avoid it was that her view was obscured by an infant carrier she held in front of her. As the district court recognized, these points are not legally conclusive.

In essence, defendant "argues that the [cone] was observable on the floor and thus *ipso facto* an obvious danger. But this is not the test." *Zagal*, 948 P.2d at 275. "The characteristic of an item as being observable . . . cannot, by itself, require that item to be declared as a matter of law an open and obvious danger." *Id.*; *see also Spirgis*, 743 P.2d at 685 (holding fact that "hazard was in an open place" is not determinative); *Roper v. Mercy Health Ctr.*, 903 P.2d 314, 315 (Okla. 1995) (following *Spirgis*). Rather, "[a]ll of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." *Zagal*, 948 P.2d at 275; *see also Weldon v. Dunn*, 962 P.2d 1273, 1276-77 (Okla. 1998) (noting "what constitutes a hidden danger depends on the physical surroundings and on the use made of them at the time of the injury," and emphasizing critical significance of foreseeability of injury).

Testimony by defendant's employees acknowledged the danger inherent in the disruption of its entryway, where heavy foot traffic of customers, foreseeably laden with packages, is expected. Oklahoma courts have cited these and similar

-3-

considerations to reject the open-and-obvious danger defense in several cases involving visible, but unseen, conditions. *See, e.g.*, *Zagal*, 948 P.2d at 274-75 (cardboard box left on aisle floor of truck stop); *Roper*, 903 P.2d at 315 (light fixture protruding above surface of sidewalk); *Spirgis*, 743 P.2d at 684-85 (pothole in parking lot). The district court correctly placed this case in the same category.

Decisions cited by defendant illustrating application of the defense in circumstances which did not preclude the plaintiff's observation or knowledge of the operative condition, such as *Weldon*, 962 P.2d at 1277; *Williams v. Tulsa Motels*, 958 P.2d 1282, 1285 (Okla. 1998); *Kastning v. Melvin Simon & Assocs.*, 876 P.2d 239, 240 (Okla. 1994); and *Billings v. Wal-Mart Stores, Inc.*, 837 P.2d 932, 933 (Okla. Ct. App. 1992), are clearly not relevant. *Safeway Stores, Inc. v. McCoy*, 376 P.2d 285, 286-87 (Okla. 1962), which held an unobserved curb to be open and obvious, is more to the point, but we agree with the district court's reconciliation of this older decision with its analysis here under more recent Oklahoma authorities:

> Defendant also cites *Safeway Stores, Inc. v. McCoy*, 376 P.2d 285 (Okla. 1962), in which a shopper left a store carrying a large bag of groceries which partially obscured her vision. She fell over a curb between the store and the parking lot. The Supreme Court of Oklahoma held that the danger was open and obvious, despite the bundle in plaintiff's arms. *Id.* at 287. However, the court emphasized that the curb was a "permanent installation" and that plaintiff had traded at the store several years. The caution cone

involved in the case at bar was clearly not a permanent installation. Even a regular shopper at this particular Wal-Mart store could not have anticipated its presence.

Appellant's App. at 232 (footnote omitted).

Finally, with respect to the charge of personal culpability implicit in the second prong of defendant's argument, i.e., that plaintiff caused the accident by obstructing her own vision while entering the store, the following comments of the district court should suffice:

> In the Court's view, under the authorities cited, defendant may be subjected to liability for negligence because it placed the cone in the doorway to an entrance where it was foreseeable that large numbers of people, some carrying bundles, would pass. The plaintiff's testimony that the "only reason" she did not see the cone was because of carrying the infant does not negate the defendant's negligence under the "open and obvious" doctrine. Rather, it goes to the calculation of comparative negligence, along with the evidence of purported admissions by Wal-Mart employees. Judgment as a matter of law in defendant's favor is not appropriate.

*Id.* at 232-33.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge

-5-