SIXTH DIVISION

OCTOBER 4, 2002

No. 1-01-1182

RAYMOND J. BONNER, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 99 L 9857

)

CITY OF CHICAGO, a municipal ) 

corporation, ) Honorable

) Mary A. Mulhern,

Defendant-Appellee. ) Judge Presiding.

JUSTICE TULLY
 delivered the opinion of the court:

Plaintiff Raymond J. Bonner filed a negligence action against defendant, the City of Chicago (City), seeking damages for injuries he sustained when he tripped on a light pole base on the sidewalk in the 3900 block of North Damen Avenue.  The trial court granted defendant's motion for summary judgment.  Plaintiff appeals, claiming that summary judgment was improper because a jury should have decided whether plaintiff's injury was foreseeable and the City breached its duty of reasonable care.  We affirm.

The pleadings, affidavits, depositions and photographs before the trial court established the following facts.  On June 3, 1999, the 72-year-old plaintiff drove from the currency exchange he owned at 3536 West Armitage Avenue in Chicago to the Corus Bank branch at Irving Park and Lincoln Avenues.  He was carrying $4,000 in cash in a paper bag and checks for deposit at 
the bank.  Plaintiff parked his car at a meter along the curb in the 3900 block of North Damen Avenue, exited the car, stepped on the sidewalk and began walking toward the bank.  He immediately noticed that two men in their early twenties appeared to be staring at him from a bus stop about 70 feet away.  Plaintiff became suspicious, fearing that the men might rob him.  The men were standing still and looking in plaintiff's direction, but they did not speak or walk toward him.  Plaintiff never took his eyes off the suspicious men, and he walked near the curb so he could quickly return to his car if the men approached him.  After walking a short distance, plaintiff tripped over the light pole base which consisted of a 12-inch-wide cluster of four bolts on a raised concrete foundation.  Each bolt protruded about three inches from the surface of the sidewalk.  As a result of his fall, plaintiff suffered a fractured left shoulder which required surgery and physical therapy and limited his ability to work.  He also fractured a bone in his right hand and sustained lacerations to his face requiring five sutures to close.

According to a bystander's report, the trial court granted the City's motion for summary judgment based on its finding that plaintiff's distraction was not reasonably foreseeable.

On appeal, plaintiff contends that summary judgment was improper because a question of fact existed as to whether the City had a duty of reasonable care because it was foreseeable that a pedestrian would be distracted and fail to see the open and obvious light pole base.  Alternatively, plaintiff contends that even if the harm was not foreseeable, the City still had a duty of reasonable care because injury to pedestrians was likely and the burden on the City to protect pedestrians from the hazard was negligible.  The City responds that summary judgment was proper because plaintiff did not dispute the fact that the condition was open and obvious, and did not present a legally sufficient reason as to why the City should have foreseen that plaintiff would be distracted.

A cause of action for negligence requires the plaintiff to establish that the defendant owed a duty of care and breached that duty resulting in an injury proximately caused by the breach.  
Curatola v. Village of Niles
, 154 Ill. 2d 201, 207 (1993).  Whether a duty of care exists is a question of law which may be determined on a motion for summary judgment.  
Curatola
, 154 Ill. 2d at 207.  In summary judgment cases, we review the evidence 
de
 
novo
 and construe all evidence strictly against the moving party and liberally in favor of the nonmoving party.  
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 113 (1995).  "A motion for summary judgment should be granted only where the pleadings, depositions, admissions and affidavits show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  
First of America Trust Co. v. First Illini Bancorp, Inc.
, 289 Ill. App. 3d 276, 283 (1997).

Duty Based on Foreseeability

The Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1 
et
 
seq.
 (West 2000)) governs the tort liability of municipalities.  
West v. Kirkham
, 147 Ill. 2d 1, 5 (1992).  According to section 3-102(a) of the Act, "a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***."  745 ILCS 10/3-102(a) (West 2000).  The factors relevant to the question of whether a duty exists are: "(1) foreseeability that defendant's conduct will result in injury to another; (2) likelihood of injury; (3) the magnitude of guarding against it; and (4) the consequences of placing that burden upon the defendant."  
Curatola
, 154 Ill. 2d at 214.

Parties who own or control land are not required to foresee and protect against injuries if the potentially dangerous conditions are open and obvious.  
Bucheleres v. Chicago Park District
, 171 Ill. 2d 435, 447-48 (1996).  "The term 'obvious' means that 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'"  
Deibert v. Bauer Brothers Construction Co., Inc.
, 141 Ill. 2d 430, 435 (1990), adopting the definition of "obvious"  in the Restatement (Second) of Torts §343A, Comment 
b
, at 219 (1965).  Accordingly, whether a condition is obvious depends on the objective knowledge of a reasonable person, not on the plaintiff's subjective knowledge.  
Wreglesworth v. Arctco, Inc.
, 317 Ill. App. 3d 628, 635-36 (2000).

There are two limited exceptions to the rule that a defendant has no duty to protect a plaintiff from an open and obvious condition.  
Ward v. K mart Corp.
, 136 Ill. 2d 132, 147 (1990).  Relevant here is "the distraction exception"
 which provides that a property owner owes a duty of care if there is a reason to expect that the plaintiff's attention might be distracted so that he would not discover the obvious condition.  
Ward
, 136 Ill. 2d at 149-50, adopting the reasoning in Restatement (Second) of Torts, §343A, comment 
f
, at 220 (1965).  The proper inquiry is "whether a defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but may reasonably be expected to be distracted, as when carrying large bundles ***."  
Ward
, 136 Ill. 2d
 at 152.

A defendant does not need to anticipate a plaintiff's own negligence.  
Ward
, 136 Ill. 2d at 152.  "[I]t would be unreasonable to require defendants to anticipate that [a] plaintiff *** would blind himself to the probable consequences of his own actions."  
Richardson v. Vaughn
, 251 Ill. App. 3d 403, 408 (1993) (defendant was not required to anticipate that a plaintiff would run several yards while looking back over his shoulder before he saw a cable suspended between two trees).  "Defendants should not be confronted with the impossible burden of rendering their premises injury-proof, and they are entitled to the expectation that their patrons will exercise reasonable care for their own safety."  
Richardson
, 251 Ill. App. 3d at 409. 

In this case, the issue is whether, as a matter of law, it was foreseeable that plaintiff would be distracted from an obvious condition by his fear of being robbed.  The evidence before the court did not show that plaintiff's fear was anything other than subjective or that the City should have foreseen that a reasonable person walking on the sidewalk would be so distracted by the threat of crime that he could not exercise reasonable care for his own safety.  Accordingly, the distraction exception to the rule that there is no duty to protect a plaintiff from an open and obvious condition does not apply in this case.  Thus, the duty element necessary for a finding of negligence is absent.

Plaintiff attempts to distinguish the facts in 
Richardson
 from those in the present case by arguing that the amount of real estate covered during the plaintiff's distraction affects foreseeability.  Consequently, he contends, it was not foreseeable that the plaintiff in 
Richardson
 would run several yards while he was distracted, but it was foreseeable that the plaintiff in this case would walk a few steps while he was distracted.  However, plaintiff's distinction is precluded by 
Richardson
 where the court found that "the line between mere inattention and reasonably foreseeable distraction is not susceptible to mathematic precision and requires a careful focus upon the particular facts at hand."  
Richardson
, 251 Ill. App. 3d at 409.

In this case, the facts support the conclusion that plaintiff's brief distraction was no more foreseeable than the relatively longer distraction in 
Richardson
, and therefore the trial court's conclusion was not inconsistent with the result in 
Richardson
.

Plaintiff cites several cases to argue that the distraction exception must be applied including:  
Ward
, 136 Ill. 2d at 152 (foreseeable that the plaintiff's view would be impaired and his attention distracted as he carried bulky merchandise from a store); 
Shaffer v. Mays
, 140 Ill. App. 3d 779, 782-83 (1986) (foreseeable that the plaintiff would be distracted while moving a large, heavy object with a coworker at a construction site); 
Courtney v. Allied Filter Engineering, Inc.
, 181 Ill. App. 3d 222, 227-28 (1989) (foreseeable that the plaintiff would be distracted while unloading a truck at a dock); 
Deibert
, 141 Ill. 2d at 438-39 (foreseeable that the plaintiff would be distracted while walking in an area of falling construction debris); 
American National Bank & Trust Co. of Chicago v. National Advertising Co.
, 149 Ill. 2d 14, 28-29 (1992) (foreseeable that the plaintiff, a painter, would be distracted from the danger of power lines when he climbed over an outdoor billboard to reach his ladder).  The City contends that these cases are distinguishable because in each case, the defendants had a hand in creating the distraction and it was therefore reasonable to expect that the defendants would foresee the distraction of their own making.

In this case, the City did not create or contribute to the condition of two young men standing on a public sidewalk while plaintiff carried $4,000 in a paper bag which caused him to be distracted by his fear of being robbed.  Accordingly, plaintiff's cases are factually distinguishable from the case at bar.

In an effort to show that plaintiff's fear of crime was a foreseeable distraction, plaintiff cites cases in which the court found that it was foreseeable that the plaintiff would be the victim of a crime on the defendant's property.  
Neering v. Illinois Central R. R. Co.
, 383 Ill. 366, 381 (1943) (foreseeable that vagabonds who habitually infested a railroad station would attack passengers); and 
Rowe v. State Bank of Lombard
, 125 Ill. 2d 203, 227 (1988) (foreseeability that an intruder would enter premises and attack employees where a landlord negligently failed to control his master keys was an issue of triable fact.)

These cases do not support plaintiff's argument because they deal with the foreseeability of crime, not the foreseeability of the fear of crime.  Furthermore, plaintiff fails to present an argument for extending the rationale of these cases with evidence that the area was, in the language of 
Neering
, habitually infested with criminals.  Plaintiff's conclusion that "criminal elements hang around banks" is not persuasive of his theory that the City should have foreseen plaintiff's distraction by fear of crime.

Duty Based on Likelihood, Burden

Plaintiff argues that even if his distraction and resulting injuries were not foreseeable, the City still owed him a duty of care because an injury was likely and the burden of guarding against the injury was slight, citing, 
inter
 
alia
, 
Deibert
, 141 Ill. 2d at 437-38.  Plaintiff contends that "the likelihood is fairly high that a pedestrian who comes into contact with four bolts projecting three inches up from the sidewalk will trip, fall and sustain injury. *** The municipality need merely cover the bolts with a rubber cone or a wooden horse."

The City asserts that this argument is waived because it was not raised below.  Arguments not raised in the circuit court are waived on appeal.  
In re Liquidations of Reserve Insurance Co.
, 122 Ill. 2d 555, 568 (1988).  Waiver aside, the City argues, and we agree, that under section 3-104 of the Tort Immunity Act (745 ILCS 10/3-104 (West 2000)), a local public entity is not liable for an injury caused by its failure to initially provide traffic warning signs or restraining devices or barriers.  The language of the provision is unconditional and acts to immunize a municipality against all liability arising from its failure to initially provide a traffic control device, even where such failure might endanger safety.  
Ramirez v. Village of River Grove
, 266 Ill. App. 3d 930, 932 (1994).  Because the term "traffic" includes pedestrians under section 1-207 of the Illinois Vehicle Code (625 ILCS 5/1-207 (West 2000)), the City is not liable for plaintiff's injuries for failure to install rubber cones or wooden horses at the light pole base, irrespective of the ease or burden of doing so.  As a matter of public policy, the decision to install signals requires a city traffic planner to balance competing interests and make a judgment call as to which solution would best serve the interests of safety, convenience and cost.  
West
, 147 Ill. 2d at 11.  Therefore, the City had neither a duty nor liability when it did not initially install warning devices at the scene of plaintiff's injuries.

Finally, where injury results from freakish, bizarre or fantastic circumstances, no duty exists and no negligence claim can be asserted for injuries that were not reasonably foreseeable.  
Washington v. City of Chicago
, 188 Ill. 2d 235, 240 (1999) (fatal accident caused when emergency vehicle struck planter boxes on a median was not reasonably foreseeable).  In this case, plaintiff was carrying $4,000 in a paper bag, believed that potential robbers were staring at him, kept his eyes directly on them and walked beside the curb so he could dash back to his car if confronted.  It is not reasonable to expect the City to foresee such unusual circumstances.

Accordingly, we find that plaintiff failed to establish that the City owed him a duty of care in order to state a cause of action for negligence.  Therefore, the trial court properly granted the City's motion for summary judgment.

The judgment of the circuit court is affirmed.

Affirmed.

COHEN, P.J., and McNULTY, J., concur.