2004 OK 38

**Caroline MARTIN, Plaintiff/Appellant,**

v.

**ARAMARK SERVICES, INC.,
Defendant/Appellee.**

No. 99,878.

Supreme Court of Oklahoma.

May 25, 2004.

John Mac Hayes, Oklahoma City, OK, for plaintiff/appellant, Caroline Martin.

Kevin R. Donelson, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for defendant/appellee, Aramark Services, Inc.

BOUDREAU, J.

¶1 Appellant, Caroline Martin (Martin), appeals the district court's order granting Aramark Services, Inc.'s (Aramark) motion for summary judgment which the Court of Civil Appeals, Division I, affirmed. We reverse the trial court's order granting summary judgment in favor of Aramark.

## I. FACTS AND PROCEDURAL HISTORY

¶2 Martin filed suit against Aramark for injuries sustained as a result of falling in a tunnel hallway which leads from Saint Anthony Hospital, where she worked, to the employee parking garage. At the time of Martin's fall, an Aramark employee was working in the tunnel stripping and waxing the floor. Martin claimed that she fell because of Aramark's failure to adequately warn her of the dangerous condition existing on the tunnel floor.

¶3 Aramark filed a motion for summary judgment maintaining it took reasonable care in warning invitees, including Martin, of the potentially dangerous condition on the floor. The trial court granted Aramark's motion. Martin appealed and the Court of Civil Appeals, Division I, affirmed the summary judgment finding Aramark satisfied its duty to warn Martin of a potentially dangerous condition on the floor. We previously granted certiorari.

## II. STANDARD OF REVIEW

¶4 Whether summary judgment was properly entered is a question of law which we review *de novo*. *Manley v. Brown*, 1999 OK 79, ¶22, 989 P.2d 448, 455. In a *de novo* review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081, 1084. Like the trial court, we examine the pleadings and summary judgment evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. We view the facts and all reasonable inferences arising therefrom in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

¶5 It is undisputed that Martin was an invitee.[1] Aramark, as invitor, had the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn Martin of conditions which were in the nature of hidden dangers, traps, snares or pitfalls. *Rogers v. Hennessee*, 1979 OK 138, 602 P.2d 1033, 1034. However, Aramark had no duty to protect against or warn Martin of dangers which were open and obvious, and which she could have discovered in the exercise of ordinary care. *See McKinney v. Harrington*, 1993 OK 88, ¶9, 855 P.2d 602, 604.

¶6 The summary judgment record establishes that on the night Martin slipped and fell an Aramark employee was stripping and applying wax to one side of the tunnel

---

1. An invitee is one who uses the premises of another for the purpose of a common interest and mutual advantage. *Brown v. Nicholson*, 1997 OK 32, ¶7, 935 P.2d 319, 321.

floor which connected the hospital and employee parking garage. Since wax on a floor may not be readily observable, the condition presented by the floor was in the nature of a hidden danger and not one that was open and obvious. As a result, Aramark had a duty to warn Martin of the potentially dangerous condition. In that connection, it is undisputed that Aramark placed two parallel paths of rubber strips, leaving floor space between, on the side of the hallway which remained open for public passage. As a warning to the public of the slippery condition on the floor on the side closed for public passage, Aramark placed five yellow "wet floor" signs down the middle of the hallway to separate the side of the tunnel hallway open for public passage from the side that was closed. Although disputed by Martin, the employee stated in his deposition that he also closed the door leading to the side of the hallway that was closed for public passage. It is undisputed that immediately prior to Martin's fall, the employee was standing with a mop and yellow bucket on a rubber strip on the side of the hallway open to public passage.

¶ 7 In her response to Aramark's motion for summary judgment, Martin claimed that under the circumstances Aramark failed to *adequately* warn her of the dangerous condition posed by the tunnel floors. An invitor must give a warning that is adequate to enable an invitee to avoid harm. *See Hull v. Oklahoma City Baseball Co.*, 1945 OK 194, 163 P.2d 982, 984. Furthermore, if an invitor, after giving a warning, realizes or should realize that the warning is not adequate to protect the invitee from harm or that the invitee has not received or understood the warning, the invitor must provide a more adequate warning or desist in doing the act. *See* Restatement 2nd, Torts, §§ 341A, 344. The adequacy of a warning is normally a question of fact to be determined by the circumstances of each case.

¶ 8 In support of her response, Martin presented excerpts from her deposition in which she testified that she entered the tunnel hallway on the side open for public passage walking on one path of the rubber strips that had been placed on the floor. As she entered, she observed an Aramark employee standing on one of the rubber strips holding a mop. Because the employee was obstructing her passage, Martin stepped off the rubber strip onto the floor between the strips and immediately fell.[2] The employee Martin observed was later identified as Josh Bates. Bates was in training for the company's environmental services department and, on the day of Martin's fall, was being trained in floor care.

¶ 9 In addition to her deposition testimony, Martin attached video taped photographs taken from a security camera moments before her fall. One of the photographs shows Bates standing on a rubber strip with a mop. In the photograph, Bates appears to be cleaning the floor between the two parallel paths of rubber strips. She also attached excerpts from Bates' deposition in which he testified that three different people fell in the tunnel hallway that evening all within a thirty to forty minute time frame.

¶ 10 Viewing the facts and all reasonable inferences arising therefrom in a light most favorable to the party resisting the motion, as we must do when reviewing the grant of a summary judgment, we find a genuine issue of material fact as to the adequacy of the warning provided by Aramark under the circumstances of this case. The evidentiary materials attached to the motion and response, and inferences drawn therefrom, could lead a rational fact finder to conclude the following. While stripping and waxing one side of the tunnel hallway, Aramark closed it for public passage. To assist the public in negotiating the tunnel hallway, Aramark placed two parallel paths of rubber strips, leaving floor space in between, on the side of the hallway that remained open for public passage. As a warning to the public of the slippery condition on the floor on the side closed for public passage, it placed five yellow "wet floor" signs down the middle of the hallway. However, in addition to strip-

---

2. "Q. Were you walking on the strips when you fell? A. No. I was walking in between them, because he was standing on the strips." Deposition of Caroline Martin, page 111, line 18–21.

ping and waxing the side closed to the public, Aramark's employee either waxed or wet the floor between the parallel paths of rubber strips on the side open for public passage. As Martin proceeded down the tunnel hallway on a rubber strip, Aramark's employee obstructed her passage and forced her to step around him. As she placed her foot on the floor between the rubber strips, she fell.

¶ 11 In evaluating the evidentiary material attached to the motion and response, reasonable minds could differ as to whether the warnings were adequate to apprise Martin of the potentially dangerous condition on the hallway floor on the side *open* for public passage. While the warnings may have adequately conveyed the potentially dangerous condition on the hallway floor on the side *closed* for public passage, there is a material question of fact as to whether they adequately alerted Martin to the danger presented on the side of the hallway open for public passage. In addition, the fact that three people fell within a span of thirty to forty minutes that evening lends support to the notion that either the warnings were confusing or that the condition was so dangerous that the public could not avoid the harm even after receiving a warning.

¶ 12 The purpose of summary adjudications is not to substitute a trial by affidavit for one by jury, but rather to afford a method of summarily terminating a case when only questions of law remain. *Bowers v. Wimberly*, 1997 OK 24, ¶ 18, 933 P.2d 312,

316; *Stuckey v. Young Exploration Co.*, 1978 OK 128, ¶ 15, 586 P.2d 726, 730. "[W]hen uncontroverted proof lends support to conflicting inferences, the choice to be made between the opposite alternatives does not present an issue of law but rather one for the trier of fact." *Walters v. J.C.Penney Co., Inc.*, 2003 OK 100, ¶ 13, 82 P.3d 578, 584.

¶ 13 Based on the evidentiary materials presented in connection with the summary judgment motion, we find reasonable minds could differ as to whether Aramark's warnings were adequate under the circumstances to alert Martin as to the potentially dangerous condition on the floor. The summary judgment motion offered by Aramark in this case falls short of showing the absence of a genuine issue of material fact. The adequacy of Aramark's warning is a question of fact to be determined by the jury. Accordingly, the trial court erred when it entered summary judgment in favor of Aramark.

**OPINION OF COURT OF CIVIL APPEALS, DIVISION I, VACATED; SUMMARY JUDGMENT REVERSED.**

ALL JUSTICES CONCUR.