2006 OK CIV APP 63

Kimberly HANSEN and Larry Hansen, husband and wife, Oklahoma residents, Plaintiffs/Appellants,

v.

ACADEMY, LTD., L.P. d/b/a Academy Sports and Outdoors, Inc., a Texas Partnership, Defendant/Appellee.

No. 102,137.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 10, 2006.

Rehearing Denied March 24, 2006.

Certiorari Denied May 22, 2006.

John E. Vitali, Hornbeek, Krahl, Vitali & Braun, P.L.L.C., Oklahoma City, OK, for Plaintiffs/Appellants.

Gerald E. Durbin, II, Glen Mullins, Durbin, Larimore & Bialick, Oklahoma City, OK, for Defendant/Appellee.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Plaintiffs/Appellants Kimberly Hansen and Larry Hansen, wife and husband, appeal from summary judgment entered in favor of Defendant/Appellee Academy, Ltd., L.P. d/b/a Academy Sports & Outdoors, Inc., a Texas Partnership (Academy). We find the evidence in the record before the trial court raised a genuine issue of controverted fact as to whether the dangerous condition (i.e. a protruding tongue on a boat trailer) was an open and obvious condition. Consequently, summary judgment was inappropriate and the judgment is reversed.

¶ 2 On July 3, 2002, Kimberly Hansen was walking on the sidewalk in front of Academy where a boat and trailer had been placed on display by employees of the store. While Kimberly was looking at the boat and a large inflatable shark placed within the boat, she tripped and fell over the tongue of the boat trailer. Kimberly testified the boat trailer tongue was visible, but she did not see it before she fell. Kimberly's husband took her to the hospital where she was treated for two broken arms.

¶ 3 Plaintiffs filed the instant negligence petition claiming Academy failed to maintain its premises in a reasonably safe condition for use by its invitees. Academy sought summary judgment contending the undisputed facts established Academy owed no duty to Hansen because the boat trailer tongue was an open and obvious hazard. The trial court sustained Academy's motion and Plaintiffs appealed. This matter stands submitted without appellate briefs on the trial court

record. See Rule 13, *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App.

¶ 4 This Court's standard of review of a trial court's grant of summary judgment is de novo. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op., Inc.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶ 5 On appeal, Plaintiffs assert the trial court erred in granting summary judgment as to the issues of whether the boat trailer tongue was open and obvious and whether Academy owed a duty to place warnings or guards around the protruding tongue to warn and protect pedestrians. It is undisputed that Kimberly was an invitee and that the protruding boat trailer tongue was a hazardous condition created by Academy. A business invitor has a duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers, traps, snares or pitfalls. *Martin v. Aramark Services, Inc.*, 2004 OK 38, 92 P.3d 96. However, an invitor has no duty to protect against or warn an invitee of dangers which are open and obvious and which can be discovered in the exercise of ordinary care. *Id.*

¶ 6 In its motion for summary judgment, Academy claimed it owed no duty to Plaintiffs because the boat trailer tongue was open and obvious and with due diligence was readily observable by any pedestrian walking on the sidewalk in front of Academy. As support, Academy attached excerpts from Kimberly's deposition wherein she admitted that she could have seen the tongue had she been looking.

¶ 7 In their response to the motion for summary judgment, Plaintiffs countered it was a question of fact as to whether the owner-created hazard was open and obvious because Academy purposefully diverted Kimberly's attention from the sidewalk to the merchandise display. As support, Plaintiffs cite *Zagal v. Truckstops Corp. of America*, 1997 OK 75, 948 P.2d 273. There, the Supreme Court stated "the characteristic of an item as being observable, . . . cannot, by itself, require that item to be declared as a matter of law an open and obvious danger. . . . All of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." *Id.* at ¶ 9, 948 P.2d at 275.

¶ 8 Plaintiffs further point out that the Oklahoma Supreme Court has rejected the "open and obvious" defense in several cases where the condition or defect was visible but, nevertheless, unseen by the plaintiff. In *Phelps v. Hotel Mgmt., Inc.*, 1996 OK 114, 925 P.2d 891, the plaintiff struck a glass bowl with the back of her head while taking her seat on a bench. The Court held although the glass bowl was visible, it was a jury question as to whether the position of the glass bowl, in relation to the seating area, made it something other than harmless. In *Roper v. Mercy Health Ctr.*, 1995 OK 82, 903 P.2d 314, the plaintiff tripped over a small light fixture installed in the sidewalk. Even though the light fixture was visible, the plaintiff claimed she could not see the fixture due to pedestrian traffic. The Supreme Court held the question of whether the fixture could be treated as a hidden defect was an issue to be determined by a jury. Similarly, *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court), held whether a pothole in a parking lot was a hidden danger because of traffic was an issue to be decided by the trier of fact.

¶ 9 We find these cases persuasive. Here, Kimberly testified in deposition that while she could have observed the protruding boat trailer tongue had she been looking, her attention was diverted away from the sidewalk by an inflatable shark which had been placed within the boat by Academy's employees. In addition to her deposition testimony, Kimberly attached photographs taken on the day of

the injury which showed the boat trailer tongue extending out into the pedestrian pathway and the large inflatable shark inside the boat. Plaintiffs also attached a report by their expert who opined: "Merchandise displays, which draw the attention of shoppers away from the walking surface in front of them, make it impossible for shoppers to 'look out' for their safety." An Academy employee/manager also testified in deposition that the purpose for displaying the inflatable shark on the boat was to "get the attention of" and remind Academy's customers that the store sold inflatables. This evidence certainly raised a question of fact as to whether Academy intended for its customers to devote their attention to the merchandise on display rather than to the sidewalk.

¶ 10 Viewing the facts and all reasonable inferences arising therefrom in a light most favorable to the party resisting the motion, we find a genuine issue of material fact exists as to whether the owner-created dangerous condition, which was visible but unseen due to the owner-created distraction, was open and obvious.[1] For the foregoing reason, we hold the trial court erred when it entered summary judgment in favor of Defendant. The trial court's summary judgment in favor of Academy is therefore reversed and this matter is remanded to the trial court for further proceedings.

¶ 11 REVERSED AND REMANDED.

HANSEN and JOPLIN, JJ., concur.

---

1. Other states have upheld a "distraction exception" to the open and obvious rule. *See, e.g., Scarbrough v. Dover Elevator Co.,* 232 Ga.App. 149, 154, 500 S.E.2d 616, 620 (Ga.App.1998); *Yarkosky v. Caldwell Store, Inc.,* 189 Pa.Super. 475, 151 A.2d 839 (1959); *Regency Lake Apartments Associates, Ltd. v. French,* 590 So.2d 970 (Fla.App.1991) and *Bonner v. City of Chicago,* 334 Ill.App.3d 481, 268 Ill.Dec. 299, 778 N.E.2d 285 (2002) (The distraction exception to the rule that a defendant has no duty to protect a plaintiff from an open and obvious potentially dangerous condition provides a property owner owes a duty of care if there is a reason to expect the plaintiff's attention might be distracted so that he would not discover the obvious condition.).