**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD J. SHUST,

        Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

        Defendant-Appellee.

No. 11-5159
(D.C. No. 4:10-CV-00569-GKF-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Richard J. Shust appeals from the district court's grant of summary judgment

to Wal-Mart Stores, Inc. on his claim for negligence. We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Mr. Shust sued Wal-Mart, alleging that immediately upon entering a Wal-Mart store on a dreary winter's day, he slipped and fell on a wet floor and was injured as a result of Wal-Mart's negligence.  Wal-Mart moved for summary judgment, and Mr. Shust opposed the motion.  Wal-Mart alleged that based on the facts asserted in Mr. Shust's deposition, it was undisputed that he was aware that there was melting snow and slush outside the store on the day of the fall, that he walked through water outside before entering the store, that the water at the entrance to the store came from outside, and that he was able to see the water on the floor after he fell.  Wal-Mart argued that it owed no duty to Mr. Shust because the danger was open and obvious, and that additional facts asserted by Mr. Shust in his response to its motion were irrelevant.  The district court held that Mr. Shust knew or should have known that the floor at the entrance of the store could be wet and slippery, that it was an open and obvious danger, and that Wal-Mart owed no duty to him, so his negligence claim failed.  *See Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996).  The court focused on the evidence from Mr. Shust's deposition that if he had looked down before he fell, he would have seen the water on the floor.  *See* Aplt. App. at 29, ll. 21-25.  The court entered summary judgment in favor of Wal-Mart, and Mr. Shust appeals.

## II. Discussion

"We review a district court's grant of summary judgment de novo, applying the same standard as the district court." *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We view the record on summary judgment in the light most favorable to the nonmoving party." *Klen v. City of Loveland, Colo.,* 661 F.3d 498, 508 (10th Cir. 2011). But "although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Mr. Shust argues that the district court erred when it determined that the evidence showed that he acknowledged an open and obvious hazard at the Wal-Mart store. We have carefully reviewed the parties' arguments and the record on appeal, and we do not find any error in the district court's decision. Moreover, Mr. Shust's additional argument that his attention was diverted from the hazard was not raised in his response to Wal-Mart's summary judgment motion and so is outside our review. *See id.*

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge